HUGH O'BRIEN *vs.* W. T. W. BALL.

Suffolk.   March 10, 1874. — Oct. 21, 1875.   COLT & ENDICOTT, JJ., absent.

If land is taken under the St. of 1868, c. 277, which authorizes the city of Boston to take lands in a certain district, for the purpose of abating a nuisance, and provides that "the title to all lands so taken shall vest in the city," the liability of a lessee of such land to pay rent to his lessor ceases on such taking, without any eviction by, or attornment to, the city.

Land in Boston was leased for a term of years, and, while the lease remained in force, the land was taken by the city to abate a nuisance, under the St. of 1868, c. 277, which provides that "the title to all lands so taken shall vest in the city;" the lessee continued in possession, and for some time paid rent to his lessor, both parties acting in the belief that the lease continued in force. Afterwards, the lessee being told that he was liable to be held to pay rent to the city, refused to pay rent under the lease. *Held*, in an action by the lessor on the Gen. Sts. c. 137, § 5, to recover possession of the premises, that the judge, who tried the case on the above facts, was warranted in finding that no new tenancy, between the lessor and lessee, was created, and in rendering judgment for the defendant. *Held, also,* that the fact that after the action was begun the city reconveyed the land to the lessor did not affect the case.

ACTION on the Gen. Sts. *c.* 137, § 5, to recover possession of a house on Kirkland Street in Boston, alleged to be held by the defendant unlawfully and against the right of the plaintiff. Writ dated May 23, 1872. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on an agreed statement of facts in substance as follows :

On April 1, 1869, the plaintiff executed to the defendant a written lease of the said premises for a term of five years. The defendant entered into possession under the lease, and has contin-

ned in possession up to the present time. On March 1, 1872, one month's rent was in arrear and unpaid; the defendant declined to pay the same to the plaintiff, who on March 8 gave him a notice, in due form, to quit in fourteen days, for non-payment of rent.

On July 13, 1870, the city of Boston, in pursuance of the St. of 1868, c. 277,* passed an order in due form of law to take possession of said premises, and duly recorded the same in accordance with the act, in the Suffolk Registry of Deeds. Since the commencement of this action, the title to the premises has been reconveyed by the city to the plaintiff.

Some time in the fall of 1871, the city, by its contractors and workmen, entered upon the premises for the purpose of raising the building, as contemplated by the act. The defendant continued to occupy the premises as his dwelling, subject to the disturbance created by such raising, which was considerable; and he continued to pay rent to his lessor during and for some months succeeding the completion of the work done by the city, both parties acting in the belief that the lease continued in full force and effect. The city gave notice to the defendant that it would commence the work of raising prior to so doing, but the defendant paid no attention thereto.

In February, 1872, the defendant was informed, but not by the city or any of its agents, that he was liable to the city for the use and occupation of the premises, and in consequence declined to pay the rent in arrear March 1, as before stated.

*A. Russ*, for the plaintiff.

*R. I. Burbank & R. Lund*, for the defendant.

Devens, J. The defendant entered upon and occupied the premises, possession of which is sought by this proceeding, by virtue of a lease from the plaintiff which was for the term of five years. During this term the city of Boston, acting by authority of the St. of 1868, c. 277, for the purpose of making certain im-

---

* This statute, entitled "An act for the abatement of a nuisance in the city of Boston, and for the preservation of the public health in said city," authorizes the city to "purchase or otherwise take" certain lands in Boston, and to raise the grade thereof, "so as to abate the present nuisance and to preserve the health of the city," and provides that "the title to all lands so taken shall vest in the city of Boston."

provements of a public character, took the estate in accordance with the provisions of that statute, and the title thereof was then . vested in the city, that of the plaintiff being divested. *Dingley* v. *Boston*, 100 Mass. 544. The plaintiff brings this proceeding for the possession of the premises, upon the ground that the de· fendant has failed to pay him one month's rent which has accrued since this taking by the city, the defendant still continuing in possession, although disturbed therein by the work which the city has been carrying on, and the plaintiff's right to recover depends upon the question whether any rent was due to him from the defendant. But, even without eviction by, or attornment to, the holder of the new title, the liability to pay the rent reserved ceased with the termination of the plaintiff's estate during the term subsequent to the making of the lease and the entry of the defendant under it. *Lamson* v. *Clarkson*, 113 Mass. 348, and cases cited.

It was for the plaintiff, then, to show that, subsequently to the expiration of his title, a new tenancy had been created; and upon the facts stated, the court below was warranted in finding that no agreement for such new tenancy was shown, and in rendering judgment for the defendant.

Since this proceeding was commenced, the city of Boston has reconveyed to the plaintiff the title to these premises; but this cannot affect the case, which is to be determined by the condition of things which then existed.          *Judgment affirmed.*