## JAMES V. DEVINE *vs.* MARY E. LORD.

Suffolk.    November 16, 1899. — March 2, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Eminent Domain — Order laying -out Way — Statute — Easement — Tenant at Sufferance — Deed — Estoppel.*

The street commissioners of Boston ordered that a certain ·highway be widened and laid out under the provisions of statutes named, including St. 1897, c. 394, over certain streets and private lands described from one park to another park as a public way; and that, under the authority conferred by St. 1894, c. 324, certain parts of the way be reserved for the use of street railways, and for trees, grass, and planting; and designated certain described parts of the way to be under the authority of the park commissioners of the city as a parkway, subject to the reservation made under St. 1894, c. 324, as above stated. *Held,* that an easement only, and not the fee, in the lands described was taken under the order.

Where an easement only in land is taken by the right of eminent domain, a tenant of the premises who, after the expiration of his lease, remains in occupation is liable as a tenant at sufferance to the owner of the fee.

If a street is laid out by an order of the street commissioners of a city over certain land as a public way, and several months afterwards the owner conveys the land in fee to the city by a deed which recites that the land was taken by the order to lay out the way, and that the consideration of the deed was in full satisfaction and discharge of all claims and demands by reason of such taking, the fee does not pass from the owner until the delivery of the deed, and he is not estopped by anything therein to assert that fact as against a tenant of the premises who remains in occupation until such conveyance.

CONTRACT, for use and occupation of a store on Columbia Street in Boston from October 1, 1897, to April 1, 1898. Trial in the Superior Court, before *Braley*, J., who allowed a bill of exceptions, in substance as follows.

The defendant had been in possession of the premises under a lease from the plaintiff which expired on October 1, 1897; and thereafter he continued to hold over. The street commissioners on May 28, 1897, ordered that due notice be given that the board was of the opinion that " the public necessity and convenience require that Columbia Street . . . be widened and laid out over parts of " certain ways, " and private lands from Franklin Park to the Marine Park, as a public way to be known as Columbia Road, . . . and that a part, or parts, of said public way be designated as a parkway, substantially as shown on a plan of said highway in the office of " the board; and that they intended " to take the action so required under the provisions of " St. 1891, c. 323, " and acts in amendment or addition thereto, and of " St. 1897, c. 394; and they appointed a time and place for a hearing in the matter.

On August 31, 1897, the board passed an order, which, after reciting that a public hearing had been had in the matter, determined that the public necessity and convenience required, and ordered, " that the said highway be " widened and laid out under the provisions of the statutes named in the order of May 28, over the streets and private lands thereinafter described from Franklin Park to the Marine Park, " as a public way to be known as Columbia Road," according to a certain plan therein described. Then followed a detailed description of the road as thus widened and laid out. Then under the authority conferred by St. 1894, c. 324, the board ordered certain parts of the way to be reserved for the use of street railways and for trees, grass, and planting. The order further proceeded as follows: " And this board designate the following described parts of said Columbia Road to be under the authority of the Board of Park Commissioners of the city of Boston as a parkway, subject to the reservation aforesaid." This was followed by a description of the parts to be placed under the control of the park commissioners. The entire premises of the plaintiff were taken as a part of such territory; and on or about September 9, 1897, a

notice to quit from the board of street commissioners was given the plaintiff. On or about October 1, 1897, the defendant received from the city of Boston a notice to quit. The defendant refused after the expiration of the lease on October 1, 1897, to pay the plaintiff rent, and remained in possession. The city of Boston on or about September 9, 1897, entered upon a part of the territory taken under the above named order, but not of any portion of the occupied premises. The mayor and street commissioners were present, and a building was torn down and some work on the earth was done; and on October 2, 1897, another entry was made by the city, and excavating and blasting was done, and continued on that part of the territory taken under the order near Blue Hill Avenue. On or about January 21, 1898, work was commenced near that part of the territory taken by the order which the defendant occupied; and on April 1, 1898, the defendant vacated the premises, and shortly after the plaintiff, at the request of the city, removed his building from the land.

The city was ready and offered to pay for the premises of the plaintiff so taken by the order immediately after the taking; but there was a dispute as to the amount which the plaintiff should receive for his premises, and that dispute continued to about April 1, 1898, when the city and the plaintiff agreed, and he executed and delivered to the city a deed of the premises in fee, which contained the following recital: "The above granted premises were taken by a Resolve and Order of the Board of Street Commissioners of the said city of Boston, to lay out Columbia Road, passed August 31, A. D. 1897, reference to which is hereby had, and are to be used for the purposes of a public street of said city of Boston; and the above consideration has been received in full satisfaction and discharge of all claims and demands for damages, costs, expenses, and compensation by reason of said taking."

The defendant requested the judge to instruct the jury as follows: "1. Upon all the evidence the plaintiff is not entitled to recover. 2. By the order of August 31, 1897, under the statute of 1897, the city of Boston acquired a fee in the premises taken, and the plaintiff's estate was thereby terminated. 3. The taking by the city on August 31, 1897, and the entry of the

city of September 9, 1897, October 1, 1897, and January 21, 1898, and the work commenced by the city upon parts of the territory taken under said order, of which the premises of the plaintiff was a part, were such an entry and possession as would terminate the estate of the plaintiff. 4. Payment to the plaintiff by the city of the value of his premises by reason of said taking would prevent the plaintiff from recovering in this action, notwithstanding the plaintiff did not receive the money for some time after said taking. 5. By the terms of the deed of the plaintiff of the premises to the city, the title in fee, stated in said deed, related back to the time of the taking in August, 1897. 6. The plaintiff is estopped by the declaration in his deed to claim title after August 31, 1897." · The judge refused to give the instructions requested.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. O. Cooke,* for the defendant.

*J. A. Collins,* for the plaintiff.

HAMMOND, J. If by the order of August 31, 1897, the fee of the plaintiff's land was taken, this action cannot be maintained, even if there was no eviction by or attornment to the city. *O'Brien* v. *Ball,* 119 Mass. 28. The first question, therefore, is whether the fee was taken. On May 28, 1897, the street commissioners gave notice that they were of the opinion that " the public necessity and convenience require that Columbia Street . . . be widened and laid out over parts of " certain ways " and private lands from Franklin Park to the Marine Park, as' a public way to be known as Columbia Road, . . . and that a part, or parts, of said public way be designated as a parkway, substantially as shown on a plan of said highway in the office of " the board; and that they intended " to take the action so required, under the provisions of " St. 1891, c. 323, and " acts in amendment or · addition thereto," and of St. 1897, c. 394; and they appointed a time and place for a hearing.

The order of August 31, 1897, after reciting that a public hearing had been had on the matter, determined that the public necessity and convenience required, and the board ordered, that the said highway be widened and laid out under the pro-

visions of the statutes named in the notice of May 28, over the streets and private lands thereinafter described from Franklin Park to Marine Park, "as a public way to be known as Columbia Road," according to a certain plan therein described.

Then follows a detailed description of the road as thus widened and laid out.

Then, under the authority conferred by St. 1894, c. 324, certain parts of the way are reserved for the use of street railways, and for trees, grass, and planting. The order further proceeds as follows : " And this board designate the following described parts of said Columbia Road to be under the authority of the Board of Park Commissioners of the city of Boston as a parkway, subject to the reservation " made under St. 1894, c. 324, as above stated. Then follows a description of the parts to be placed under the control of the park commissioners.

The order was an order to lay out a public way, and on familiar principles it took simply an easement, unless there is something peculiar in the statutes under which the board acted showing a different result.

St. 1897, c. 394, simply authorized the street commissioners acting under St. 1891, c. 323, to lay out a public way over public ways and private lands from Franklin Park to Marine Park. Section 2 provides that certain parts of the way may be placed in the charge and control of the park commissioners. Section 3 provides that the cost of so much of the way as is to be under the charge and control of the park commissioners shall be considered as expenditures for public park purposes.

St. 1891, c. 323, makes certain provisions concerning the laying out, altering, and widening of streets in the city of Boston, but it does not change in any respect the nature of the easement taken ; and it need not be further considered except to say that in certain respects it had restricted the powers of the street commissioners over the grade, etc., of certain proposed streets, and one of the purposes of St. 1897, c. 394, undoubtedly was to remove those restrictions as to this way.

The defendant relies upon the second section of St. 1897, c. 394, which is as follows : " Said board may designate a certain part or parts of said public way to be under the charge

of the board of park commissioners of said city as a parkway, and said board of park commissioners shall, after the construction .thereof, have the charge and control of such parkway, as if the same had been placed in its charge under the provisions of chapter three hundred of the acts of the year eighteen hundred and ninety-three." She contends that the effect of that section is to take from the landowner the fee of so much of the way as is designated to be under the charge of the park commissioners. It does not appear that the plaintiff's land was within that part, but as the argument upon both sides assumed that it was, we so assume in the consideration of the case.

St. 1893, c. 300, § 1, provides that any board of park commissioners established under the authority of St. 1882, c. 154, as amended by St. 1890, c. 240, or of any special act, may " connect any public park, boulevard, or driveway under its control, with any part of any city or town in this Commonwealth wherein it has jurisdiction, by selecting and taking any connecting street or streets, or part thereof, leading to such park, and shall also have power to accept and add to any such park any street or part thereof which adjoins and runs parallel with any boundary line of the same : provided, thàt the consent of the public authorities having control of any such street or streets so far as selected and taken, and also the consent in writing of the owners of a majority of the frontage of the lots and lands abutting on such street or streets so far as taken, shall be first obtained." Section 2 provides that they· may improve such " streets as they may deem best," and may levy a betterment assessment. Section 3 is as follows : " Such boards of park commissioners shall have the same power and control over the streets or parts of streets taken under this act as are or may be by law vested in them concerning the parks, boulevards, or driveways under their control." Section 4 provides that when any street passes out of the control of the commissioners it shall revert to the proper corporate authorities of the municipality.

By referring to St. 1882, c. 154, it will be found that by § 3 authority is given the commissioners to take land in fee for a public park, to lay out and improve the park, to make rules for the use thereof, with power to affix penalties for breach thereof, and generally to do all acts needful for the proper exe-

cution of powers or duties granted to and imposed upon towns in these matters, provided that no land shall be taken or expense incurred until an appropriation is made by the town. And St. 1875, c. 185, the act establishing the park commissioners of Boston, has similar provisions.

Without deciding whether there is a taking of the fee of the land in the streets selected and taken under St. 1893, c. 300, we are of opinion that there was no taking of the fee in those parts of Columbia Road designated under the order of August 31, 1897, laying out this road. It is an order to lay out a street, passed by the street commissioners, the board vested with the general power to lay out streets. It is certain that under the order there was no taking of the fee of the parts not under the charge of the park commissioners. Nor do the park commissioners have anything whatever to do with the parts designated for them until after construction. After the street is laid out and constructed it is placed under their charge and control for purposes of repair and supervision.

Bearing in mind the rules of construction applicable to statutes authorizing the taking of private property, that the authority to take a fee must clearly appear either expressly or by fair implication, and that this was a taking for a highway, and that the provisions of the second section of St. 1897 may fairly be taken to mean simply that the park commissioners were to see to the care of the road, we think that only an easement was taken, and that the first request was rightly refused.

The defendant was not evicted, but enjoyed the premises until April 1, 1898. Inasmuch as the fee was not taken, the plaintiff remained the owner of the fee, and the defendant, remaining in occupation, was liable as a tenant at sufferance. *Emmes* v. *Feeley*, 132 Mass. 346. Pub. Sts. c. 121, § 3. It was of no consequence that elsewhere on the line somebody else might have been disturbed or evicted. That the fee did not pass from the plaintiff until the delivery of the deed, and that the plaintiff is not estopped by anything in his deed to assert the fact as against this defendant, is too plain for discussion.

*Exceptions overruled.*