Robert McCardell *vs.* Thomas Miller.

PROVIDENCE—MAY 4, 1900.

Present: Matteson, C. J., Tillinghast and Rogers, JJ.

(1)  *Condemnation Proceedings.  Highways.  Landlord and Tenant.*

Pub. Laws R. I. of February 22, 1854, relating to the laying-out of streets in the city of Providence, provided that the city, after electing that they would make improvements, should become *seised* of all the lands, tenements, etc., mentioned in the report of the commissioners ; and further, that, in case part only of any land under lease should be taken, all contracts respecting the same should from the time of the election cease and determine and be absolutely discharged as to the part taken, but should remain valid as to the residue, and the rents should be apportioned for such residue :—   .

*Held,* that the liability of a lessee under a contract under seal to pay rent for the portion of the premises taken by the city ceased on the vesting of the title in the city without any eviction by or attornment to the city, and a lessor could not recover in an action for use and occupation for the part so taken, although the lessee continued in the occupation of the entire estate.

(2)  *Variation of Sealed Instrument by act of Law.  Pleading and Practice.  Covenant.  Assumpsit.*

*Held,* further, that the termination of the lease as to the part of the premises taken was a variation of the contract under seal by act of law, and the substitution of a new agreement and an action to recover the proportional part of the rent for use and occupation of the residue of the estate must be in assumpsit.

(3)  *Quasi-Contracts.  Recovery of Money paid under Mistake of Law.*

*Held,* further, that payments made by the lessee to the lessor under the terms of the lease subsequently to the vesting of the title to the premises in said city (both parties believing that the lessee was bound to pay and the lessor entitled to receive such payments) were made under a mistake of law. That the lessee was ignorant of the election of the city to take the land until some months after such act did not render the mistake one of fact, as

he was a party to the proceeding under said chapter, and charged with notice. The payments so made could not be recovered, and hence could not be a matter of set-off.

(4)   *Election of Remedies.   Waiver.*

The bringing of an action of ejectment against a lessee by a lessor and prosecuting the same to final judgment is not a bar to an action to recover for use and occupation of the demised premises during a period subsequent to said judgment.

Assumpsit for use and occupation. The facts are fully stated in the decision. The case was heard by Mr. Justice Stiness, sitting without a jury. Heard on petition of defendant for new trial. New trial denied.

Per Curiam. We find no error in the decision rendered by Mr. Justice Stiness in this case, and we therefore affirm the same and adopt it as the opinion of the court.

Petition for new trial denied, and judgment for plaintiff in accordance with the decision.

## Decision.

Stiness, J. The defendant was lessee of the plaintiff of an estate on Washington street, Providence, a part of which was taken by the city for a highway under the act of 1854. The lease expired April 1, 1895. Rent was paid to December 1, 1894; but the city elected to make the improvement, which would cut off a portion of the premises, June 25, 1894. The defendant continued in occupation of the whole estate until May 16, 1895, and the plaintiff sues for use and occupation of the whole from December 1, 1894, to May 16, 1895.

Upon these facts the defendant asks the court to rule:

1. That the plaintiff can only recover, in any form of action, for the part which the city did not take for the street.

(2. That he cannot recover in this action, because his remedy is in covenant and not in assumpsit.)

3. That the plaintiff having brought a suit in ejectment on the first day of January, 1895, which was subsequently

discontinued, he cannot recover in this action for any part of the premises after that date.

4. That another action in ejectment having been commenced April 5, 1895, in which judgment was rendered, the plaintiff cannot recover in this action after that date.

5. That the defendant should be allowed in set-off the payments made from June to December, 1894.

(1)     (1) Upon the first request the plaintiff claims that, as the defendant occupied the premises under his lease down to May, 1895, he is liable to the plaintiff as his landlord for use and occupation, even though a portion of the lease had ceased by operation of law. In support of this position he relies on *Emmes* v. *Feeley*, 132 Mass. 346. In that case, however, the decision of the court was based upon the fact that the action of the city did not take the fee of the land from the plaintiff, only an easement; and hence, before actual eviction or a conveyance by the plaintiff, the defendant continued to be a tenant of the plaintiff.

In this case the act provides that the city, upon its election, shall become seized of the land, which implies at least an estate of freehold; and also that the lease of the part taken shall be absolutely discharged, but valid as to the residue. It is therefore exactly in point with *O'Brien* v. *Ball*, 119 Mass. 28, which holds that when land is taken under a provision that title shall vest in the city, the liability of a lessee to pay rent for such land to the lessor ceases on the taking, without any eviction by, or attornment to, the city.

As the law gives to the plaintiff full value for his land and damage, and declares the lease void as to the part taken, I can see neither law nor equity in his claim for use and occupation by the defendant, and I therefore rule that he cannot recover for the part taken by the city.

(2)     (2) While the act says that the lease shall remain valid as to the residue, and that the rent shall be justly apportioned, it does not follow that the form of action must be covenant. If a contract under seal be varied in its terms by a parol agreement, such substituted contract must be the subject of

an action of assumpsit and not of covenant. Wait Act. & Def. 355. While it is true that the parties have not varied their contract, it has been varied by act of law.) Neither the premises under the lease nor the rent to be paid are the same as they were before the land was taken by the city. In principle it is the same as though the parties had agreed to discharge a part of the lease and apportion the rent, for which the remedy must be in assumpsit for use and occupation. The defendant's second request is therefore refused.

(4)    The third request is refused.

The fourth request is allowed.

(3)    The fifth request is refused. I do not find that a payment was made in January, 1895. The other payments from June to December were not made under a mistake of fact, but of law. Both parties appear to have supposed that the plaintiff was entitled to receive, and the defendant bound to pay, rent according to the terms of the lease. The defendant says that he did not know of the city's election until January, 1895, but this does not make a mistake of fact. As lessee he was a party to the proceeding, and is charged with notice.

Upon these findings I decide that the plaintiff is entitled to recover for the land not taken by the city from December 1, 1894, to April 5, 1895. The quantity of land was a little less than half, but was the rear and least valuable part of the house. I apportion the rent at one-third, which for four months and five days amounts to $277.75.

*Bassett & Mitchell*, for plaintiff.

*John M. Brennan*, for defendant.