THE W. M. McDONALD COMPANY, INCORPORATED, *vs.* LOUIS T. HAWKINS & another.

LOUIS T. HAWKINS *vs.* THE W. M. McDONALD COMPANY, INCORPORATED.

PHILIP W. ROUNSEVELL *vs.* SAME.

Suffolk.   May 12, 1933. — June 25, 1934.

Present: CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant*, Termination of tenancy, Liability for rent, Taking by eminent domain, Construction of lease.

A part of the premises covered by a lease in writing was a portion of a certain building, of which portion the lessor was a tenant at will. The lease provided that, as to such part of the leased premises, it was "made subject to the terms and conditions of the tenancy of the

lessor," and also provided "that in case the premises, or any part thereof . . . shall be taken for . . . public use . . . before the expiration of the said term, then this lease and the said term shall terminate at the election of the lessor, and such election may be made in case of any such taking notwithstanding the entire interest of the lessor may have been divested by such taking, and if . . . [he] shall not so elect, then in case of any such taking or destruction of or damage to the demised premises, a just proportion of the rent . . ., according to the nature and extent of the injury sustained by the demised premises, shall be suspended or abated until the demised premises, or in case of such taking, what may remain thereof, shall have been put in proper condition for use and occupation." During the term of the lease such building was taken by the municipality by eminent domain, and the lessor thereafter began to pay monthly rent to it. Up to the time of the hearing of cross actions between the lessor and the lessee involving the issue, whether the lessee's liability for rent under the lease was terminated in whole or in part by such taking, the municipality had not physically occupied any part of the building nor interfered in any way with the full use and enjoyment thereof by the lessee, and the lessee occupied or could have occupied the leased premises without interference. The lessor made no election under the provision of the lease relating to takings by eminent domain. There was no rescission nor surrender of the lease. *Held*, that

(1) The provision of the lease relating to takings by eminent domain was applicable to govern the rights of the parties, although the interest of the lessor in the part of the leased premises so taken was only that of a tenant at will;

(2) The interest of the lessor in such part of the leased premises was "divested by such taking" within the meaning of said provision;

(3) The lessor not having made an election under said provision to terminate the lease by reason of the taking, the lease had not been terminated;

(4) In the circumstances, the lessee was not entitled under said provision to any suspension or abatement of rent by reason of the taking, because there had been no "destruction of or damage to the demised premises" thereby;

(5) The liability of the lessee for rent under the lease was not terminated in whole or in part by the taking.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 31, 1932. Also

TWO ACTIONS OF CONTRACT OR TORT. Writs dated June 4, 1932.

Upon removal of the first action to the Superior Court, the actions were heard together by *Qua*, J., without a jury. Material evidence is stated in the opinion. In the first action, the judge found for the plaintiff against each defendant in the sum of $750 with interest from the date of the

writ, and in the second and third actions he found for the defendant. He ordered judgments entered accordingly, and reported the actions for determination by this court.

The case was submitted on briefs.

*A. J. Gorey,* for Hawkins and another.

*F. Killam,* for The W. M. McDonald Company, Incorporated.

FIELD, J. These three actions at law were tried together in the Superior Court by a judge sitting without a jury. One is an action on a written lease for three years from April 1, 1930, by the lessor, The W. M. McDonald Company, Incorporated, against the lessee, Hawkins, and the guarantor, Rounsevell, to recover rent for the months of January, February and March, 1932, at the rate of $250 per month. The others are actions by the lessee and the guarantor, respectively, to recover rent paid to the lessor for seventeen months from August 1, 1930, to December 31, 1931, and for breach of covenants in the lease. The judge found for the plaintiff in the action by the lessor for $750 with interest from the date of the writ, and for the defendant in the other actions and ordered judgments accordingly. He made findings of fact and rulings of law and denied certain requests for rulings and reported the cases for the determination of this court.

The facts found include the following: The lease covered the fourth and fifth floors of numbers 17 and 18 Blackstone Street, Boston, and part of the fourth floor of numbers 19 and 20. At that time the lessor owned in fee numbers 17 and 18 and was tenant at will from Slayton & Boynton, Inc., of that part of numbers 19 and 20 included in the lease. On August 4, 1930, the city of Boston took by eminent domain the entire building at numbers 19 and 20 for a public use. Up to that time the lessor had continued to be a tenant at will of Slayton & Boynton, Inc. At some time after the taking, the lessor began paying rent by the month to the city of Boston for the portion of the demised premises which was in the building the city of Boston had taken. The city has never physically occupied any part of the premises or interfered in any way

with the full use and enjoyment thereof by the lessee. The lessee, or those claiming under him, actually occupied the demised premises up to December 31, 1931, and could have continued to occupy them without interference up to the time the cases were tried. The rent reserved in the lease sued on was paid by the guarantor as it became due up to December 31, 1931, when the lessee and the guarantor learned for the first time of the taking by the city. There has been no rescission or surrender of the lease, and the lessor refused to accept a surrender when offered. The judge found also that there "has been no breach by the lessor of the covenants of the lease."

The lease sued on provided that it was "made subject to the terms and conditions of the tenancy of the lessor existing with Slayton & Boynton, Inc., covering the fourth floor of the premises 19 and 20 Blackstone Street," and contained the provision "that in case the premises, or any part thereof, or the whole or any part of the building of which they are a part, shall be taken for any street or other public use, after the execution hereof and before the expiration of the said term, then this lease and the said term shall terminate at the election of the lessor, and such election may be made in case of any such taking notwithstanding the entire interest of the lessor may have been divested by such taking, and if they shall not so elect, then in case of any such taking or destruction of or damage to the demised premises, a just proportion of the rent thereinbefore reserved, according to the nature and extent of the injury sustained by the demised premises, shall be suspended or abated until the demised premises, or in case of such taking, what may remain thereof, shall have been put in proper condition for use and occupation."

The question of law raised by the rulings and refusals to rule of the trial judge which is before us for our determination is whether liability for rent under the lease on the facts found was terminated by the taking of a part of the demised premises by the city of Boston.

The liability for rent was not terminated in whole or in part by the taking. Only a part of the demised premises

was taken.  Even without the provision in the lease in regard to the taking of property for public use, a taking of a part of the demised premises would not terminate a lease from an owner in fee unless, as is not the case here, there is an eviction.  *Parks* v. *Boston,* 15 Pick. 198.  *Emmes* v. *Feeley,* 132 Mass. 346.  And under the terms of the lease it could be terminated upon a taking only at the election of the lessor.  No such election has been exercised.  Furthermore, on the facts found there could be no suspension or abatement of rent.  There has been no "destruction of or damage to the demised premises."  Though suspension or abatement of a "just proportion of the rent" is to be made in the case of a "taking," such suspension or abatement of rent is to be made "according to the nature and extent of the injury sustained by the demised premises," and here there has been no such "injury."  The taking did not physically affect the premises and has not to any extent interfered with the lessee's possession thereof.

It is contended, however, that the situation is different because the lessor was only a tenant at will of the property taken.  Doubtless, since the whole of the building numbered 19 and 20 Blackstone Street was taken, the estate of this lessor therein as a tenant at will was determined.  *O'Brien* v. *Ball,* 119 Mass. 28.  However, its interest was "divested by such taking" within the meaning of the lease. The lease was made with reference to the lessor's tenancy under Slayton & Boynton, Inc., and must be interpreted as applying to a taking which, in this manner, destroyed the lessor's estate in the part of the demised premises of which it was only a tenant at will.  The rights and liabilities of the lessee, therefore, are to be determined in accordance with the provisions of the lease applicable to a taking, and, so far as the present cases are concerned, are no different from what they would have been if the lessor had owned in fee the premises taken.  As already pointed out the lessor has not elected to terminate the lease and the lessee is not entitled to abatement or suspension of rent. And no covenant of the lessor has been broken.

It follows that in the action of the lessor against the

lessee and the guarantor judgment must be entered for the plaintiff in the sum of $750 with interest from the date of the writ. In each of the other actions judgment must be entered for the defendant.

*So ordered.*