**UNITED STATES v. 3.5 ACRES OF LAND, MORE OR LESS, IN SOUTH BOSTON, MASS., et al.**

**No. 6454.**

District Court, D. Massachusetts.

Oct. 25, 1944.

Edmund J. Brandon, U. S. Atty., and Philip P. A. O'Connell, Sp. Asst. to the U. S. Atty., both of Boston, Mass., for plaintiff.

David Greer and Edward F. Dalton, both of Boston, Mass., for Clinton C. Brown, Inc.

Kabatznick, Stern & Gesmer, of Boston, Mass., and Allen D. Rubin, of Brookline, Mass., for Strazzulla Bros.

Reuben Hall, of Boston, Mass., for National Wool Marketing Corporation.

Friedman, Atherton, King & Turner and Lee M. Friedman, all of Boston, Mass., for Fargo Real Estate Trust.

Powers & Hall, Leland Powers, and Matt B. Jones, Jr., all of Boston, Mass., for Piers Operating Co.

Orvil W. Smith and S. R. Wrightington, both of Boston, Mass., for Dwinell-Wright Co.

FORD, District Judge.

This involves a claim by Clinton C. Brown, Inc. (hereinafter referred to as Brown), the lessee of certain premises in Boston, Massachusetts, to recover part of the proceeds paid into court by the United States, which, by virtue of its power of eminent domain and pursuant to statute, had filed a taking of the estate on which said premises were situated and obtained a decree for condemnation which was entered on December 26, 1941. The defendant, the Fargo Real Estate Trust (hereinafter referred to as Fargo), is the lessor and owner of the condemned realty and moves to dismiss Brown's claim and strike its attorney's appearance from the docket, contending that Brown is not entitled to share in the condemnation award.

It appears Fargo leased the premises to Brown for a term ending March 31, 1942. The lease, executed in Massachusetts, provided in part: "Provided always that, if after the execution hereof and before the expiration of the said term the said premises or any part thereof or any part of the

buildings of which they form a part, shall be taken for a street or other public use, or shall be destroyed or damaged by fire or other unavoidable casualty or by the action of any public authorities, then this lease and the term demised shall terminate at the election of the Lessor; or if the Lessor shall not so elect then in case of any such injury to the premises demised, a just proportion of the rent herein before reserved, according to the nature and extent of the injury sustained by the demised premises, shall be suspended or abated until the demised premises or in case of such taking, what may remain thereof shall have been put by the Lessor in proper condition for use of occupancy."

The decree for condemnation was entered on December 26, 1941. On January 7, 1942, Fargo notified Brown that it had elected to terminate the lease.

The court is presented with this question: Does the above-mentioned provision in the lease and the exercise of the right of election by Fargo to terminate the lease prevent Brown from sharing in the condemnation award?

The provision set out above is not uncommon in leases and its effect on lessees' rights to share in the condemnation award has been before the Massachusetts courts in the past. See Goodyear Shoe Machinery Co. v. Boston Terminal Co., 176 Mass. 115, 57 N.E. 214. The lease in the Goodyear case, where, as here, there was a taking of the whole premises of the lessee, contained a provision similar to that in the instant case, and is as follows: " 'in case the premises, or any part thereof, shall be taken for any street or other public use, or by the action of the city or other authorities, * * * then this lease and the term demised shall terminate at the election of the lessors, or those having their estate in the premises.' " (page 116 of 176 Mass., page 215 of 57 N.E.)

Three days after the taking Goodyear was notified of the lessors' election to terminate the lease. Mr. Justice Holmes in dealing with the effect of the provision and the notice stated: "We are of the opinion that the judgment appealed from was right. Of course, any valid taking of the whole premises would put an end to the lease (O'Brien v. Ball, 119 Mass. 28), and therefore the provision quoted must not be construed too literally in its application to the present case. The object is that which is pointed out in Munigle v. Boston, 3 Allen [Mass.] 230, 232, and the meaning is that the landlord can terminate the right of the tenant to share in the damages. See, further, Burbridge v. [New Albany & Salem] Railroad, 9 Ind. 546. Probably if the clause had not dealt with the taking of a part as well as of the whole, and had referred only to a taking of the whole, it would have stipulated absolutely that the tenant's rights should end without requiring an election by the landlord. The election is inserted with reference to a partial taking. In this case the election was sufficiently manifested by the notice." Pages 116, 117, of 176 Mass., page 215 of 57 N.E.

It is apparent from what has been stated in the Goodyear case, where there was a taking of the whole premises as in the instant case, that where a lease contains a provision similar to that in the Fargo lease and an election is made "to terminate the lease" (cf. O'Brien v. Ball, 119 Mass. 28), the right of the lessee to share in the damages is terminated by virtue of such election.

In view of the applicable principle of law, the defendant's motion to dismiss against the claimant, Clinton C. Brown, Inc., and strike its attorney's appearance from the docket must be allowed.