**PORRATA et al. v. UNITED STATES.**

No. 4174.

Circuit Court of Appeals, First Circuit.

Jan. 7, 1947.

H. S. McConnell, of San Juan, P. R. (McConnell & Valdes, of San Juan, P. R., of counsel), for appellants.

Dwight D. Doty, Atty., Department of Justice, of Washington, D. C. (David L. Bazelon, Asst. Atty. Gen., Philip F. Herrick, U. S. Atty., of San Juan, P. R., and Roger P. Marquis, Atty., Department of Justice, of Washington, D. C., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a judgment entered by the District Court of the United States for Puerto Rico in proceedings instituted by the United States to acquire by condemnation certain lands in the vicinity of Ensenada Honda Bay for the purpose of providing adequate fleet operating facilities. Among the lands taken was a tract owned by the appellants known as Parcel 22. It consisted of 1.94 acres, or 2 cuerdas, abutting upon a railroad and had been used by the appellants as the site for a loading station to handle sugar cane grown upon other lands which they owned, particularly upon a non-contiguous tract of some 244 cuerdas which was not condemned. This larger tract is located about 1800 feet from Parcel 22 but access to the latter was obtained by means of an easement over intervening lands.

Over the Government's objection the court below reopened the case on the appellants' motion to admit testimony tending to show damage to the larger tract by reason of the severance from it of the smaller one. The court then found that the fair market value of Parcel 22 at the time of the taking was $6,000 and that this sum "includes all the damages which the court finds have been suffered by the defendant-owners by reason of the taking of Parcel

No. 22 and the sugar cane loading station which was located thereon." Following this the findings continue: "The petitioner, United States of America, has offered to convey to defendants Porrata Doria sisters a parcel of land with an area of 1.56 acres which includes a portion of Parcel 22 * * *. If the former owners of Parcel 22 accept the offer made by petitioner, then the court finds that the sum of $5,000 is the fair market value of Parcel 22, including all damages suffered by the defendants as the result of the taking herein." According to these findings the court below entered a judgment for the appellants in the alternative, and in it ordered that failure of the former owners of Parcel 22 to notify the court of their acceptance of the Government's offer within fifteen days after the date when the judgment becomes final "will be conclusive evidence of their desire to decline the said offer." The appellants have flatly rejected the offer in writing but counsel for the Government assured us at oral argument that it still remained good, and would continue to remain good, until the expiration of the time limited for its acceptance by the judgment of the court below.

The appellants urge on this appeal that the District Court erred in giving any consideration to the Government's offer, which they refer to as one of settlement; that it erred in admitting testimony offered by the Government as to the availability of other sites for loading stations to handle cane grown on the 244 cuerda tract; and that it erred in not finding that the damage suffered by the appellants by reason of the taking of Parcel 22 amounted to $31,700.

The appellants' basic contention on this appeal is that the court below "misconceived the proper measure of damage in this case." They say that "misled by the appellee's effort to settle" that court awarded them an amount sufficient to repair the damage inflicted upon them by the taking rather than the fair market value of Parcel 22 plus the diminution in the fair market value of their 244 cuerda tract caused by the severance from it of the smaller one, or, stated in another way, the difference between the fair market value of their lands, considered as a unit, before the tak-

ing and the fair market value of the part remaining in their ownership thereafter. Baetjer v. United States, 1 Cir., 143 F.2d 391, 396. The record does not support this contention. On the contrary it contradicts it.

▮ Recurrent in the brief and oral argument on behalf of the appellants is the assertion that in some way the judgment of the District Court forced them to accept the parcel of land offered to them by the Government. This they say is improper for two reasons: First because it requires them to minimize, or diminish, their damages, and second because it forces them to accept compensation partly in land and partly in cash instead of entirely in cash. Basis for these contentions is lacking. . As we read the findings the court below distinctly determined that the appellants would be justly compensated for the land taken from them either by receiving the tract of land offered to them by the Government plus $5,000 in cash, or else by $6,000 entirely in cash, and it gave them the opportunity to choose the form which their compensation should take. We find no indication in the findings of fact, conclusions of law, or judgment of the court below. even indirectly forcing the appellants to accept the Government's offer of a substitute piece of land, and the appellants having rejected that offer we see no point in considering it any further. We shall therefore consider this appeal as from a judgment awarding the appellants $6,000 in cash as just compensation for the parcel of land taken from them. ·

▮ It is clear that the District Court applied the proper measure of damages in arriving at the amount of its judgment. In the first place it reopened the case to admit evidence of severance damages offered by the appellants, and in the second place it is abundantly evident from the portion of the findings quoted above that it considered that evidence in making its award of compensation. Nor did the court below err, as the appellants contend, in considering the Government's evidence of the availability of other loading stations to handle cane grown on the 244 cuerda tract on the issue of the damage caused to that tract by the severance from it of Parcel 22.

▮ The appellants seem to contend that since they could not be compelled to use any loading station other than the one they had maintained upon Parcel 22, they are entitled to compensation for that parcel on the basis that its taking utterly destroyed the value of their 244 cuerda tract for growing sugar cane. This argument rests upon a misunderstanding of the applicable rule of damages. It is elementary that fair value on the market must be used as the criterion for determining the amount of the just compensation which under the Constitution must be paid for land taken under the power of eminent domain. And inherent in this test is the requirement that lands taken must be valued with reference to the most valuable use to which they can be devoted, either at the time of the taking or in the reasonably foreseeable future, regardless of the particular use which the land owner may be choosing to make of his property at the time it is condemned. United States v. Powelson, 319 U.S. 266, 275, 63 S.Ct. 1047, 87 L.Ed. 1390. Thus, assuming, as has been assumed throughout this case, that the most valuable use of the 244 cuerda tract is for the growing of sugar cane, the question presented is the value of that tract for the purpose with the loading station located on Parcel 22 as contrasted with its value for that purpose without that loading station. In other words, the problem is to discover how much less "a willing buyer would pay in cash to a willing seller" (United States v. Miller, 317 U. S. 369, 374, 63 S.Ct. 276, 280, 87 L.Ed. 336, 147 A.L.R. 55) for the 244 cuerda tract without the particular loading station which the Government has taken than such a buyer would pay for it with that loading station. Naturally this depends upon the availability of other loading stations. Certainly one of the elements which would be considered by the mythical "willing buyer" of the remaining 244 cuerda tract would be the availability of a suitable substitute loading station or loading stations, to take the place of the one formerly on Parcel 22. It follows that the Government's evidence was properly admitted.

▮ The appellants' remaining contention is that there is no credible evidence:

in the record to sustain an award to them of only $6,000. It deserves but brief consideration. All that needs to be said is that the evidence in this case is conflicting, that its credibility is for the District Court, and that the award is within the range of the testimony. Under these circumstances the award cannot be set aside on appeal. Iriarte v. United States, 1 Cir., 157 F.2d 105, 108, and cases cited.

The judgment of the District Court is affirmed.