## KERR v. UNITED STATES.
### Civ. A. No. 2675.

District Court, W. D. Pennsylvania.

June 23, 1947.

A. C. Scales, of Greensburg, Pa., for plaintiff.

Elliott W. Finkel, Sp. Asst. to U. S. Atty., of Pittsburgh, Pa., for United States.

McVICAR, District Judge.

This action is before the Court now on defendant's motion for a new trial.

On August 5, 1943, plaintiff was the owner of approximately eight acres of land situate in Derry Township, Westmoreland County, Pennsylvania. On this land was located a large dwelling house, garage and other improvements. It had access to only one public highway which was located on the south side thereof.

On the date mentioned, the defendant condemned a strip of land next to said public highway, the amount condemned being 0.30 of an acre. The effect of said condemnation was to leave the remaining part of said land (upon which the buildings were located) of plaintiff without access to any public highway. A Board of Viewers was appointed to determine the damages which plaintiff sustained by said condemnation. This Board filed its report in this Court, January 5, 1945. They allowed plaintiff $3,800. An appeal was taken by the defendant to this Court and said appeal was tried in May of this year. A verdict was rendered in favor of the plaintiff for $4,000.

■ The principal contention of the defendant in its motion for a new trial is that the Court erred in not receiving evidence offered by it to the effect that from a date prior to the condemnation by defendant and continuing to the time of the trial, defendant offered an easement across the land taken from the land not taken of the plaintiff to the public highway in front thereof.

It was agreed by the parties that the measure of compensation to which plaintiff is entitled, is the difference between the fair market value of her property, immediately before the taking, August 5, 1945, and the fair market value of that which remained immediately after the taking, and as affected by the taking. This was the question submitted to the jury.

It was also agreed by the parties that from the time of the taking by the defendant, August 5, 1943, and continuing to the present time, that plaintiff's land not taken by defendant, does not have access to any public road.

If defendant offered plaintiff, before the condemnation, August 5, 1943, to take the land which it took on that date, subject to an easement across said land, it abandoned its offer, because it took the aforesaid strip

of land in fee simple, without right of an easement across the same, in favor of the land not taken. Just what the offer made by the defendant's agent was does not appear, nor does the authority of the agent to make such an offer.

■ Defendant offered in evidence a deed tendered to plaintiff, shortly before and also at the trial in May, 1947 (about four years after the taking), in which defendant granted an easement across the land taken, to the plaintiff, as the owner of the land not taken, subject to two conditions, however, in which it was provided that defendant reserved the right to flood said land at any time, also that the easement granted would be revoked, if not used during a period of two years. This offer was refused. It does not affect the rule that plaintiff was entitled to be compensated for that which was taken as of the time of taking, and as stated before, there was no reservation to the plaintiff in condemnation, of an easement in favor of plaintiff's land not taken.

The cases cited by defendant in its brief, namely, Porratta v. United States, 1 Cir., 158 F.2d 788 and Brown v. United States, 263 U.S. 78, 44 S.Ct. 92, 68 L.Ed. 171, have been examined. They do not change the rule that the owner of property is entitled to be compensated for that which is taken at its value at the time of the taking.

■ The Government is bound by its official act in condemnation just the same as the plaintiff in this case is bound by that official act of the Government. Under the law it is bound to compensate the plaintiff for the fair value of that which was taken as of the time of the taking.

If the Government has an easement on the land taken in this case, which is saleable, it may do so.

■ The amount of the verdict of the jury and the amount of the award by the Board of Viewers are substantially the same. The verdict is not excessive.