Nov. Term,
1857.

BURBRIDGE
v.
NEW ALBANY
AND SALEM
RAILR'D CO.

BURBRIDGE and Another *v.* THE° NEW ALBANY AND SALEM RAILROAD COMPANY.

Where a lease for years contained a provision that nothing in the instrument should prejudice or affect the right of the lessor to demand and recover any damage resulting to the property from the construction of railroads, to the same extent as if he was in possession,—*held,* that the lessee cannot recover damages for an injury to his term, resulting from such construction.

But in the absence of such a provision, a tenant for years might recover the damage to his term; and it seems that a tenant for life in the same lands might recover the damage to his estate, and that the remainderman might recover the damage to the reversion.

The premises, in such case, were leased subject to the right of way of such railroads as might be constructed through them; and the lessor reserved the right of recovering all damages to the realty resulting from such construction.

And if the lessor should waive his right to recover such damages, the waiver would go to the benefit of the railroad company, and not to that of the lessee.

*Wednesday,
December 9.*

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Claim for damages arising from the construction of a railroad. Damages assessed. Appeal by the claimants. The claimants, *Morgan Burbridge* and another, are tenants for years of the real estate injured, and the question in the cause turns upon the extent of that interest, as against the railroad company. In showing their title and interest, as was necessary for them to do, they set forth in their complaint a lease from *Daniel F. Durkee,* for a number of years, of the real estate injured— some twenty acres of land, with a water-power and manufacturing establishment thereon—at an annual rent of 200 dollars. The lease contained this provision:

"And whereas the *Lafayette and Indianapolis Railroad Company* have located their railroad through a portion of the demised premises * * * and it is anticipated that some other railroad may, perhaps, be located on some other portion of said lands; now it is expressly understood and agreed that nothing herein contained shall, in any manner, prejudice, hinder or affect the right of said *Durkee,* his heirs or assigns, from demanding and recovering any and all damages from said railroad company which may be

sustained, or which he or they would be entitled to, were
he or they in actual possession, from the location of such
road or roads."

Said lessees also covenanted to leave "the dam, race,
forebay, and water-wheel that they might have in use at
the expiration of the lease, in as good condition as they
should be in when they should last use them;" but were
to have the right of removing all new buildings and ma-
chinery which they should place upon the premises.

On the trial in the Circuit Court, upon appeal, the only
damages which the appellants were permitted to prove,
were limited by the Court exclusively to a frame building
.they had erected on the premises, after the execution of
the lease, and to fixtures and machinery; and which build-
ing, machinery and fixtures the appellants were, by the
provisions of the lease, permitted to remove, at its expira-
tion.

The Court gave the following instruction to the jury:
" That they could not, in assessing the plaintiffs' damages,
take into consideration any injury done them in the lessen-
ing of the said water-power, or deteriorating the site of
their foundry, in preventing access thereto; that such dam-
ages, being an injury to the fee simple interest in the land,
could only be recovered in a proceeding instituted for that
purpose by *Durkee*." To this instruction the appellants
excepted.

The 17th section of the statute of 1836, to provide for
a general system of internal improvements (Acts of 1836,
p. 13), provides that "in all cases where persons may feel
aggrieved or injured by the construction of the works," &c.,
this remedy shall be allowed. The appellee, in the con-
struction of her road, was governed by this provision, as to
the remedy. Under that provision, the owner of a lease-
hold interest in lands injured by the construction of the
works referred to, was never denied the right to his damage.

In *Massachusetts*, the question has been directly decided,
that a tenant for years may recover his damage to his
term—while a tenant for life of the same lands may re-
cover the damage to his estate, and the remainderman

Nov. Term, 1857.

may recover for the damage to the reversion. 6 Mass. R. 246.—15 Pick. 198. And that such is the law, we do not doubt; but the question here is simply, what was the interest of the tenants for years in the property in this case? This depends upon the construction of the lease by which they obtained their interest. We understand the purport of that lease to be that *Durkee* rents the premises subject to the right of way of such railroads as may be constructed through them, charging, of course, proportionably low compensation, and reserving to himself the right of recovering all damages to the realty from such construction. This being the case, the claimants had no right, by virtue of their term for years, to recover for such damages.

It is said that *Durkee* had, by parol, waived his right to recover them. If so, the waiver accrued to the benefit of the railroad company, and did not change the legal effect of the lease, upon which the claim of the tenants must rest. If *Durkee* had changed his mind, and wished that the tenants should have the damages, he should have recovered them, as he had a right to do, and presented them to the tenants.

*Per Curiam.*—The judgment is affirmed with costs.

*S. W. Telford, T. Dame, S. A. Huff, Z. Baird* and *J. M. La Rue,* for the appellants.

*S. C. Willson, J. E. McDonald, H. W. Chase* and *J. A. Wilstach,* for the appellees.