## GOODYEAR SHOE MACHINERY COMPANY vs. BOSTON TERMINAL COMPANY.

Suffolk.   March 6, 1900. — May 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Eminent Domain — Taking of Leasehold Estate — Lease to terminate at Election of Lessors or Successors — Covenant for Quiet Enjoyment.*

On a petition to recover damages for the taking of a leasehold estate by the Boston Terminal Company, it appeared that on January 5, 1897, the respondent, being already the owner by purchase of the reversion of the land in question, filed a

location under the authority of St. 1896, c. 516, purporting to take in fee (by the right of eminent domain) a tract of land including the premises, and that three days later, on January 8, it served a notice on the petitioner that, whereas the lease was terminable by the lessor upon such a taking, it elected to terminate it. The lease provided that "in case the premises, or any part thereof, shall be taken for any street or other public use, or by the action of the city or other authorities, . . . then this lease and the term demised shall terminate at the election of the lessors or those having their estate in the premises." *Held,* that the meaning of the lease was that the landlord could end the right of the tenant to share in the damages; that the taking was within the terms of the proviso; that it was not a breach of the covenant for quiet enjoyment; and that the fact that it was done through the landlord made no difference.

PETITION to the Superior Court, under St. 1896, c. 516, to recover damages for the taking of the leasehold estate of the petitioner. The respondent demurred to the petition on the ground that it did not show any legal right in the petitioner to recover damages of the respondent. The Superior Court sustained the demurrer; and the petitioner appealed. The facts appear in the opinion.

*S. Lincoln,* for the petitioner.

*W. Hudson,* for the respondent.

HOLMES, C. J. This is a petition to recover damages for the taking of a leasehold estate by the respondent. It comes here by appeal from a judgment for the respondent upon demurrer. Shortly stated, the facts are as follows. On January 5, 1897, the respondent, being already the owner by purchase of the reversion of the land in question, filed a location under the authority of St. 1896, c. 516, purporting to take in fee (by the right of eminent domain) a tract of land including the premises. Three days later, on January 8, it served a notice on the petitioner that whereas the lease was terminable by the lessor upon such a taking, it elected to terminate it. The lease provided that " in case the premises, or any part thereof, shall be taken for any street or other public use, or by the action of the city or other authorities, . . . then this lease and the term demised shall terminate at the election of the lessors or those having their estate in the premises."

We are of opinion that the judgment appealed from was right. Of course any valid taking of the whole premises would put an end to the lease, (*O'Brien* v. *Ball,* 119 Mass. 28,) and therefore the provision quoted must not be construed too liter-

ally in its application to the present case.   The object is that which is pointed out in *Munigle* v. *Boston*, 3 Allen, 230, 232, and the meaning is that the landlord can terminate the right of the tenant to share in the damages.   See further *Burbridge* v. *New Albany & Salem Railroad*, 9 Ind. 546.   Probably if the clause had not dealt with the taking of a part as well as of the whole, and had referred only to a taking of the whole, it would have stipulated absolutely that the tenant's rights should end, without requiring an election by the landlord.   The election is inserted with reference to a partial taking.   In this case the election was sufficiently manifested by the notice.

Without inquiring too curiously whether the taking affected the respondent's title otherwise than by taking the lease and ending any possible unknown outstanding claims, we have no doubt that it was a taking within both the letter and the spirit of the proviso in the lease.

It is suggested that, however it might have been if the land had been taken by a third person, when the taking is by the landlord, the landlord is bound by the covenant for quiet enjoyment.   But the sovereign power to take by eminent domain is not an encumbrance, and the exercise of the power is not a breach of any of the ordinary covenants.   *Ellis* v. *Welch*, 6 Mass. 246, 250, 252.   *Parks* v. *Boston*, 15 Pick. 198, 205. These cases, especially the earlier, advert, it is true, to the remedy of the tenant for such a taking; but the construction of the covenants is the same when by another term of the lease the tenant may be deprived of a remedy, as is implied clearly enough by Chief Justice Parsons and Chief Justice Shaw in the cases cited, and as has been stated often elsewhere.   The construction is based upon the notion that such covenants go only to the lessor's title, and do not warrant against those fundamental liabilities to action on the part of the sovereign power which lie behind all private titles.   *Frost* v. *Earnest*, 4 Whart. 86, 90.   *Dobbins* v. *Brown*, 12 Penn. St. 75, 80.   *Legal Tender Cases*, 12 Wall. 457, 549.   Rawle, Covenants for Title, (5th ed.) §§ 129, 153.   It follows that it cannot matter that the person who sets the delegated sovereign power in motion is the landlord.   The exercise of that power has not been covenanted against.   See *Kip* v. *New York & Harlem Railroad*,

67 N. Y. 227, 229. The same conclusion might be justified more shortly by saying that, as the respondent would have had the right it claims upon a taking by any one else, the law will keep the two characters of landlord and representative of the public power distinct, so far as necessary to preserve rights dependent upon its doing so. *Brimmer* v. *Boston*, 102 Mass. 19. *Brick Presbyterian Church* v. *New York*, 5 Cow. 538.

It is not disputed that the respondent succeeded to the original lessor's right to terminate the lease.

*Judgment for the respondent affirmed.*