# Scholl's Appeal.

*Appeals—Question not raised in lower court—Assignments of error.*

1. A question not raised in the court below and not covered by any assignment of error will not be considered on appeal.

*Eminent domain—Question of title—Question of law—Condemnation by municipality—Appeals—Exceptions—Practice, C. P.—Act of March 26, 1903, P. L. 63.*

2. A claimant in condemnation proceedings has no right to a trial by jury on the question of title where the question as to his title is purely one of law.

3. The Act of March 26, 1903, P. L. 63, relating to condemnation proceedings, does not make an appeal an exclusive remedy. Exceptions to an award may be taken as an alternative remedy.

*Eminent domain—Landlord and tenant—Lease—Subtenant.*

4. Where a sublease provides that if the premises are condemned for public use, the sublease "shall as to the part so taken terminate as of the date title shall vest in the condemnor," is to be construed as securing to the principal tenant the right to an award for the entire tenancy, without any right in the subtenant to claim for any portion of the leasehold.

5. In such case, the city condemning, although not a party to the lease, may take advantage of the terms, and use it as evidence to defend against any claim of the sublessee for damages.

Argued December 5, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 289, Jan. T., 1927, by George H. Scholl, claimant, from order of C. P. No. 2, Phila. Co., June T., 1926, No. 13654, sustaining exceptions of award of board of view, in the matter of Appropriation of Ground in 9th Ward, Philadelphia. Affirmed.

Exceptions to award of board of view. Before STERN, P. J.

The opinion of the Supreme Court states the facts.

Exceptions sustained. George H. Scholl, claimant, appealed.

*Error assigned,* inter alia, was order, quoting it.

*Michael D. Hayes,* with him *Francis M. McAdams* and *William H. Wilson,* for appellant.—The lower court erred in reviewing the action of the board of view on ex-

ceptions filed by the condemnor, when a right of appeal existed.

This court in the case of P. R. R. v. Eby, 107 Pa. 166, determined that a tenant is an "owner or party interested" within the eminent domain statutes.

Under these circumstances, the case at bar, on this phase, should be ruled by: Church v. Ry., 45 Pa. 339; Smith's App., 179 Pa. 630; St. Clair Boro. v. Souilier, 234 Pa. 27.

The lower court erred in sustaining exceptions to the award to the tenant, filed by the condemnor who was not a party to the lease and had no beneficial interest therein: Dyer v. Wightman, 66 Pa. 425.

Appellee takes no rights under the lease: Ehret v. R. R. Co., 151 Pa 158; Witman v. R. R. Co., 191 Pa. 134; Shipley v. R. R., 216 Pa. 512; Iron City Auto Co. v. Pittsburgh, 253 Pa. 478.

*Glenn C. Mead*, Assistant City Solicitor, with him *Joseph P. Gaffney*, City Solicitor, for appellee.—Exceptions to the board of view's report were proper and appropriate procedure to raise a point of law.

The clause in the lease terminating the same in case of condemnation deprived the subtenant of any right or standing to claim damages from the city: Munigle v. City of Boston, 3 Allen (Mass.) 230.

OPINION BY MR. JUSTICE KEPHART, January 10, 1928:

The City of Philadelphia appropriated the premises at the southwest corner of Thirteenth and Filbert Streets. The property was owned by Ely K. Selig, and had been leased to the United Cigar Stores Company of America for the term of twenty years. That company at the time of condemnation had nine subleases of parts of the premises. The city petitioned for viewers, and, after due notice and hearing, a report with awards was submitted. The present appeal involves the right of one of the subtenants, a party to the proceeding, to recover

damages from the city for the taking. Appellant's sub-lease contained the following clause on which the case must rest: "In the event that the premises demised, or any part thereof, are taken or condemned for a public or quasipublic use, this lease shall, as to the part so taken, terminate as of the date title shall vest in the condemnor, and rent reserved shall abate proportionately as to the part so taken, or shall cease if the entire premises demised be so taken."

The city contended, before the viewers, that this provision of the lease precluded recovery on the part of this subtenant for any damages that might have been sustained because of the condemnation, the subtenancy having terminated at that date as effectually as though that period had been written into the lease; the city, therefore, took nothing from the subtenant. The viewers decided adversely to the city's contention, and exceptions were filed to the report in the court below. These exceptions specifically covered this provision of the lease, and the court below, after careful consideration, disallowed the award; hence this appeal.

It is contended there was not sufficient evidence in the record or in the viewers' reports to justify the action of the court below in setting aside the award. This question was not presented to the court below, nor is it covered by any assignment of error. It is raised here for the first time. There was nothing in addition to the paragraph quoted from the lease that is offered or suggested as being able to throw any light on the question of title or interest. Moreover, appellant had ample opportunity to have such facts placed before the viewers and the court below, had they existed. It was appellant's duty to show his interest and to see that it properly appeared in the report of viewers. Instead, he was content to take his chances on the outcome of the report as it stood, and, having lost, now wishes another chance. We have examined the report and such other papers in the record as were pertinent and find that

the basis of appellant's claim was the lease, and the controlling part necessary to the decision of the case was the paragraph quoted. The report was sufficient on which to base a final judgment. Nor are we impressed with the further claim that appellant had a right to have his case tried before a jury. True, he might, and be met with the same question of law. It was purely one of law, and on it appellant had no estate. It is difficult to see how a jury trial would aid. With the general question of whether it was proper for the court to determine the case upon exceptions when a right of appeal existed, we have no difficulty. Section 5 of the Act of March 26, 1903, P. L. 63, does not make an appeal the exclusive remedy, and does not even compel a party in interest complaining of an award to elect which method of presenting his objections he will pursue.

It is claimed the city had no interest in the lease, and, not being a party to it, should not be permitted to take advantage of any of its terms. Municipal awards must be made to each claimant showing an interest damaged. It is very important for the city to know what interests are affected and to whom it owes money. It certainly could not be liable to persons who had no interest in the property. When appellant offered his title, on which he based his interest, he offered in proof of it an instrument that showed on its face that he had no interest in the land after condemnation. Of course the city must take advantage of such a situation. It should know the extent and value of the things they are liable for. In this case, the city would know it only through the instrument which gives rise to an estate, if any: Munigle v. City of Boston, 3 Allen (Mass.) 230.

The principal question is whether or not the court below was correct in holding that the term of the lease ended when the city condemned the property. It is agreed by the parties on both sides that the lease came to an end on July 7th. Appellant contends that it might have done so by operation of law when condem-

nation took place, and that the defeasance clause is mere surplusage. But, as stated by the court below, the language was put in there for some purpose, and it must have been for the very purpose of securing to the principal tenant the right to an award for its entire tenancy, without any right in a subtenant to claim for any portion of their leasehold. It is therefore clear the clause is not surplusage, but sets forth a condition of the greatest importance to the principal tenant, reserving to himself a substantial right in the property.

Nor is appellant aided by the claim that the court below erroneously found that "the United States Cigar Stores Company of America made (and was paid) its claim upon the basis of its full lease." While this was a necessary and logical inference from the facts, the statement was made in connection with the discussion of the right of the city to take advantage of the defeasance clause in the lease, and as emphasizing the necessity of the city to avail itself of the fact that the lease gave him no right to damages in the event of condemnation proceedings: Munigle v. City of Boston, supra, p. 232, 233. It was unnecessary for the court to make any finding in regard to the claim of the United States Cigar Stores Company of America.

Appellant points to Boteler v. Phila. & Reading Terminal R. R., 164 Pa. 397, as sustaining his right to recover, but there the lease expressly provided that the termination should not affect or prevent the lessor or lessee from recovering damages for a taking from corporations or other persons. It might readily be seen that, where a tenant has a lease for twenty years, which is to continue unless a higher power dissolves the relation, he would wish to protect himself for the damage to his future holding. We do not have such case in the present record. Apparently there are, in this State, no cases on the principal question involved, but the following will shed some light:

In Munigle v. City of Boston, supra, the lease contained the following clause: "It is also agreed that if the lessor shall sell the said house, or if the city shall cut off said premises, that the said Susan shall consent thereto, and that the said Susan shall do all repairs at her expense." In construing the words "shall consent thereto" the Supreme Court of Massachusetts held that the provision was obviously not intended to be simply nugatory, or to leave the rights of the parties exactly the same as if nothing had been said on the subject.

The case of Munigle v. City of Boston, supra, was cited with approval in Shaw v. Appleton, 161 Mass. 313, 37 N. E. 372, where a bill was filed to restrain the lessor's grantee from ousting the lessee from part of the demised premises. The lease contained a clause giving the lessor the right to sell, and providing that so much of the land as should be sold "shall cease to be a part of the herein demised premises." The dismissal of the bill was sustained by the Supreme Court, which said, p. 315: "When, as in the present case, it is clear that the contract was that the lessee should take his estate subject to a defeasance by a sale of the demised property by the lessor, to hold the clause defining the reserved right of the lessor void because repugnant to the demise would be unwarrantably to defeat the intention which the parties have clearly expressed."

The Munigle Case was also approved in Goodyear Shoe Machinery Co. v. Boston Terminal Co., 176 Mass. 115, 57 N. E. 214, in an opinion by Mr. Chief Justice HOLMES, now of the United States Supreme Court, in the course of which he cites leading cases on the subject, including Burbridge v. New Albany & Salem R. R., 9 Ind. 546. In the latter case, there was a claim for damages arising from the construction of a railroad. The lease contained a provision that the lessor should recover "any and all damages from the said railroad company which may be sustained," etc. In dismissing the lessee's claim for damages the court stated, p.

548: "It is said that Durkee had, by parol, waived his right to recover them. If so, the waiver accrued to the benefit of the railroad company and did not change the legal effect of the lease, upon which the claim of the tenants must rest. If Durkee had changed his mind, and wished that the tenants should have the damages, he should have recovered them, as he had a right to do, and presented them to the tenants." To the same effect, see Matter of the Mayor, etc., 168 N. Y. Repts. 254, 61 N. E. 249; Matter of City of New York, 124 App. Div. 465, 109 N. Y. Supp. 2; Tiffany on Landlord and Tenant (ed. 1910), vol. 1, p. 1188; Lewis on Eminent Domain (3d ed.), vol. 2, paragraph 719, p. 1259.

The court below did not err in striking the award from the report.

The judgment of the court below is affirmed at cost of appellant.