## STRAZZULLA BROS. CO. et al. v. FARGO REAL ESTATE TRUST.

### No. 4100.

Circuit Court of Appeals, First Circuit.

Nov. 19, 1945.

---

Henry Gesmer, of Boston, Mass. (Kabatznick, Stern & Gesmer, of Boston, Mass., of counsel), for appellants.

Lee M. Friedman, of Boston, Mass. (Friedman, Atherton, King & Turner, of Boston, Mass., of counsel), for appellee.

Before ALBERT LEE STEPHENS, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from the order of the District Court in a condemnation proceeding dismissing the claim of the appellants and striking out the appearance of their attorneys.

On December 26, 1941, the United States Government condemned real estate, owned by the Fargo Real Estate Trust, in which the appellants had a lease for a term of years. The Fargo Trust elected to terminate the lease "in accordance with the provisions of said lease relating to a public taking of said property." The appellants then filed a claim for compensation. The lease contained the following provision:

"Provided always that, if after the execution hereof and before the expiration of the said term the said premises or any part thereof, or any part of the building of which they form a part, shall be taken for a street or other public use, * * * then this lease and the term demised shall terminate at the election of the lessor; or if the lessor shall not so elect, then, in case of any such injury to the premises demised, a just proportion of the rent hereinbefore reserved, according to the nature and extent of the injury sustained by the demised premises, shall be suspended or abated until the demised premises, or, in case of such taking, what may remain thereof shall have been put by the lessor in proper condition for use and occupancy."

The law governing appellants' claim is the law of Massachusetts. Hence in accordance with the rule laid down in Goodyear Shoe Machinery Co. v. Boston Terminal Co., 176 Mass. 115, 57 N.E. 214, the order of the District Court is affirmed.

The order of the District Court is affirmed with costs to the appellee.