**UNITED STATES v. CERTAIN SPACE IN PREMISES KNOWN AS NO. 2001 MARKET STREET, SAN FRANCISCO et al.**

No. 24332.

District Court, N. D. California, S. D.

June 11, 1947.

M. Mitchell Bourquin, Sp. Asst. to Atty. Gen., and Francis N. Foley, Sp. Atty., of San Francisco, Cal., for plaintiff.

Worthington, Park & Worthington, Virgil G. Skinner and Leonard A. Worthington, all of San Francisco, Cal., for defendant Kresteller Motor Co.

ROCHE, District Judge.

This is a condemnation action in which Kresteller Motor Company, one of the defendants, seeks judgment against the United States in the sum of $83,574.22. Kresteller bases this claim on the assumption that at the time of the taking, it was in possession of the premises under a five-year lease and is therefore entitled to recover for various items of damage, on the authority of United States v. General Motors Corporation, 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390, and United States v. Petty Motors Co., 327 U. S. 372, 66 S.Ct. 596, 90 L.Ed. 729. It is apparent, therefore, that the basic question for decision is whether Kresteller was actually a tenant under a lease at the time the premises in question were condemned. The case was tried to the court without a jury and the record provides the answer.

On February 3, 1945, the date the condemnation action was filed, the building at

2001 Market Street, San Francisco, was owned by defendant Alice M. Hall and the estate of Adrianne Thompson, represented by defendant American Trust Company as Executor. Defendant Kresteller Motor Company occupied the entire premises and had for some years previously. Prior to January 10, 1945, the expiration date of its old lease, Kresteller began negotiations for a new lease. The proposed new lease was signed by Kresteller and defendant Hall and then returned to defendant American Trust Company as Executor of the co-owner Estate. As such Executor the Bank could not enter into the proposed lease without the approval of the Probate Court. This approval was never secured and the document, undated, and unsigned by the Bank, remained in its possession until the time of trial. It was never returned or delivered to Kresteller. Kresteller remained in possession, paying the rent specified in the proposed lease, until early in April when it removed to other property on which it had taken a five-year lease at a much lower rental. Kresteller then paid no further rent on the premises here involved nor did it return, or offer to return to the premises after they had been vacated by the Government a year later.

During its occupancy the Government paid a monthly rental of $850.00. It vacated the premises in April of 1946 and since that time they have been leased to a third party for a rental of $1300.00 per month. At no time did defendant Kresteller assert any rights as a leasehold tenant and not until the filing of its amended answer, shortly before trial, did it claim damages based on the rental value of the balance of the unexpired term of the alleged lease.

Kresteller does not deny that the Probate Court's approval was necessary before the Bank could enter into the proposed lease. It takes the position, however, that the signing and delivery of a proposed lease by one co-owner, in this case the defendant Hall, results in a valid contract, binding on the parties to the extent of such co-owner's interest in the leased property, and it cites the California case of Swartzbaugh v. Sampson, 11 Cal.App.2d 451, 54 P.2d 73, as authority for this proposition. This princi-

ple might be applicable if defendant Hall had executed and delivered her separate lease. The record shows, however, that the proposed lease was a joint contract to be executed by both co-owners as lessors and Kresteller as lessee and that there was no intention that it should become effective until so executed. On these facts the Swartzbaugh case is not applicable. Furthermore, the conduct of the parties indicates an understanding that no lease existed. The failure of Kresteller to tender any rent after its eviction or to make any effort to return to the premises after they had been vacated by the Government is incompatible with its present claim.

It is apparent from the foregoing that at the time of the Government's taking, Kresteller was but a month to month tenant. Since the items for which it seeks damages may be considered only where the evicted tenant holds under a long-term lease (United States v. General Motors Corporation and United States v. Petty Motors Co., supra) it would be idle to discuss them here.

In accordance with the foregoing, therefore, it is by the court

Ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the plaintiff and against the defendant Kresteller Motor Company and that the respective parties pay their own costs.