UNITED STATES v. HONOLULU PLANTATION CO.

HONOLULU PLANTATION CO. v. UNITED STATES.

No. 12023.

United States Court of Appeals
Ninth Circuit.
April 24, 1950.

A. Devitt Vanech, Asst. Atty. Gen., John F. Cotter, Atty. Dept. of Justice, Washington, D. C., Harry T. Dolan, Sp. Asst. to Atty. Gen., New York City, for appellant United States.

C. Nils Tavares, Vernon O. Bortz, Honolulu, T. H. (Pratt, Tavares & Cassidy, Honolulu, T. H., of counsel), for appellant Honolulu Plantation Co.

Before HEALY and BONE, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The United States instituted thirteen actions, now consolidated, to condemn land in Hawaii. Honolulu Plantation Company had several claims for compensation, part of which have been paid. But Plantation claims "severance damages" because of loss of value of its properties as an operating concern by condemnation of property held in fee by third parties, resulting in an overcapacity of the sugar mill and refinery, since it was claimed there was failure to obtain the customary supply of cane from such fields.

All the relevant evidence as to the claim of "severance damage," which was heard by the learned Trial Judge, was produced by Plantation. The United States contended the claim was unsupported. The bulk of the testimony consisted of the opinions of experts as to valuation of the properties as a whole, including leases on other lands not taken, before and after condemnation. These values were ultimately based, generally speaking, on the invested capital necessary to produce refined sugar from certain areas, upon earnings of Plantation and its value as a going concern.

The record shows Plantation actually owned a comparatively small amount of land in fee upon which the structures enumerated above were in part placed. As the Trial Court says, this property consists of "scattered parcels which by good fortune from time to time it has been able to buy in fee." Long-term leases of lands

owned by others made up the bulk of the holdings. Four hundred forty acres, so controlled for cane production, were condemned in these consolidated proceedings. The owners of these parcels had attempted by express clauses of the leases to reserve to themselves all compensation in case of condemnation. Plantation claimed to have an understanding amounting to an engagement to lease covering five hundred ninety-five acres in addition, which were owned by the Damon Estate in fee and had been also condemned, but there was no formal written document covering this transaction.

The Trial Court awarded $440,175.00 damages inflicted upon the remaining properties by the condemnation of the four hundred forty acres. From this award, the United States appeals. The Court denied damages as to the five hundred ninety-five acres of Damon Estate, on the ground that Plantation had no legal interest therein. From this determination, Plantation appeals. This appeal will be first considered.

■ The proposition that Plantation, as a landowner, has a right to "severance damages"[1] where the United States condemns fee simple title to other lands vested in third persons, even though Plantation had no legally recognizable interest in the lands condemned, if true, is demonstrably paradoxical. Yet this must be the basis of Plantation's appeal. There was no finding that the United States was taking the business. In fact, it was not. The Trial Judge found that the Damon Estate was the owner in fee simple of the five hundred ninety-five acres. The lease which Plantation held on this area expired in 1943. A renewal had never been executed. There had been understandings and negotiations, which indicated that Plantation could have cane from these fields for its mill so long

as the positions remained constant. But the last correspondence in 1940, three years before the existing lease expired, looked toward the execution of a formal document. This gives Plantation no legal or equitable right in 1944.[2] The inference is that the Damon Estate sensed the creeping shadow of condemnation and desired to retain all the just compensation for itself, and deliberately did not give Plantation a property interest. The Trial Court found and, upon consideration, we hold that Plantation had no interest in these lands recognized by local law. The question is: Where the United States takes land owned by third parties in fee simple and in which Plantation has no legal interest, can "severance damages" be awarded because, owing to previous business arrangements, Plantation had expected to receive a supply of cane for its mill and refinery therefrom for a long period in the future?

■ The Fifth Amendment requires that, if property be taken, just compensation be paid. If then Plantation had no property in the Damon lands, it had no compensable interest.[3] If compensation were not limited to owners of interests in property condemned, the sovereign, in taking property for public use, would be subjected to limitless claims of inconvenience, business loss and damage to prospects yet unborn.

■ By adulteration, the experts for Plantation evolved a clever amalgam of two proper doctrines as a basis for compensation. It is a rule that, in condemnation of part of a tract owned in fee simple, just compensation is the market value of the tract as a whole, before condemnation, less the market value of the portion which remains after the taking of the part.[4] The rule applies exclusively to condemnation of

1. The use of this term is to be criticized because it is apt to lead to loose thinking. United States v. Miller, 317 U.S. 360, 376, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L. R. 55.

2. Cf. United States v. Certain Space in Premises known as No. 2001 Market Street, San Francisco, D.C., 71 F.Supp. 986; Hanna v. County of Hampden, 250 Mass. 107, 109, 145 N.E. 258.

3. See County of San Benito v. Copper Mountain Mining Company of California, 7 Cal.App.2d 82, 86, 45 P.2d 428; Campbell v. City of New Haven, 101 Conn. 173, 177, 125 A. 650.

4. Campbell v. United States, 266 U.S. 368, 45 S.Ct. 115, 69 L.Ed. 328; United States v. Grizzard, 219 U.S. 180, 183–185, 31 S.Ct. 162, 55 L.Ed. 165, 31 L. R.A.,N.S., 1135; Sharp v. United States,

fee simple title of a tract in one ownership. It is a rule that, if market value cannot be established by sales of comparable property, consideration of other factors may be necessary to establish just compensation. But it must not be forgotten that the market value of real property is the criterion, and losses to a business are not for consideration.

■ The value of real and personal property and even movables is lumped by the experts before and after the taking. In this aggregation are included even the leases of Plantation upon lands not taken and in other ownership. By these and other devices, the experts succeeded in deducing a value to Plantation of $1,000.00 per acre for each acre held by lease or otherwise. By a fantastic process, involving a non sequitur, this figure per acre was testified to be the loss in value of the property of Plantation. It is, of course, clear that the real property held by Plantation was never appraised, either before or after the taking. Frankly, the witnesses say that the putative loss of $1,000.00 is arrived at by a capitalization of the earnings of Plantation, including its refinery, during years of most abnormal conditions in the island empire, while the price of sugar was supported by the Government. The formula thus applied produces its bizarre results because of the use of a factor comparable to infinity in mathematical calculations, of which the action is unknown.

It can be thus demonstrated that these witnesses summoned by Plantation were stating loss to the business of growing cane, milling raw sugar and manufacturing refined sugar. A minor chord vibrates through all the score. If it were able to buy "raws" of the competing monopoly, as it was able to do in war time, Plantation might have been able to make its accustomed profit, notwithstanding the takings.

The Trial Court says: " * * * usable land in Hawaii is scarce and tightly held by a comparatively few large corporation, trust, and estate owners who buy but rarely sell."

In view of this statement, the only inference is that the fee properties of Plantation suffered no loss of value by the taking of surrounding lands, but were enhanced because of the increasing scarcity of such lands. These considerations constitute a conclusive refutation of the speculations of the "owners" [5] and experts, and land's end!

The finding of the learned Trial Judge that there was no damage to the remaining properties of Plantation by condemnation of lands of the Damon Estate is then approved on two grounds: first, there was no less value proved as to the lands owned by Plantation in fee simple, and, second, as above noted, Plantation owned no interest whatsoever in realty of the Damon Estate. This holding is affirmed, and Plantation's appeal is dismissed.

■ By an inconsistent line of reasoning, the Trial Judge allowed "severance damages" because of the condemnation of the four hundred forty acres. The same question stated above is primarily involved here also. Plantation had no more legal interest in these tracts than in the Damon Estate. As to these individual parcels of land, fee title was vested respectively in other estates and individuals. Plantation had long leases on each parcel, and a clause of each lease divested any interest or estate of Plantation upon condemnation.[6] This

191 U.S. 341, 351–352, 354, 24 S.Ct. 114, 48 L.Ed. 211; Bauman v. Ross, 167 U.S. 548, 574, 17 S.Ct. 966, 42 L.Ed. 270.

5. Four or five persons, executives of Plantation and others, were authorized by power of attorney of the corporation to testify as "owners"! Two of these testified.

6. "That in the event the *demised premises* or any part thereof shall be required, taken or *condemned for any public use,*

*then in every such case, the estate and interest of the Lessee in the part of the premises taken shall at once cease and determine and the Lessee shall not by reason of such taking be entitled to any claim either against the Lessor or others for compensation or indemnity for the taking of any land or water, or any improvements or buildings as shall have been made prior to January 1, 1937, and all compensation payable to or to be paid by reason thereof shall be payable to and*

condition subsequent destroyed any property interest of Plantation therein. The landowner reserved all compensation for the property. Therefore, this situation falls squarely under the principle followed by the Trial Court as to the Oahu Sugar Company lease, and upon this ground alone this award must be reversed.

The clause in the Oahu lease contains substantially the language emphasized in Note 6. If under the property law of Hawaii [7] these words destroyed any compensable interest of Plantation in the realty condemned, as the Trial Court holds with regard to the Oahu lease, then the words have the same effect in the other leases. If Plantation owned no property in the realty taken, it was not entitled to just compensation by definition. Fifth Amendment. Since, by voluntary agreement upon condemnation, Plantation divested itself of any interest in property taken, the severance complained of was by its own act. To those consenting, there is no injury. The meaning of the contracting parties was made clear by emphatic words

reserving all compensation in condemnation to the fee owner.

"Condemnation proceedings are in rem * * * and compensation is made for the value of the rights which are taken." The lessee "had contracted away any rights that it might otherwise have had." United States v. Petty Motor Co., 327 U.S. 372, 376, 66 S.Ct. 596, 599, 90 L.Ed. 729.

■■ The whole contention of Plantation as to these lands must be anchored to the reservation in the leases of claims for damage to its other lands.[8] Since Plantation had no property interest in the lands condemned, this claim is for business losses. Since the right to recover such losses does not exist by law,[9] certainly in the absence of the property right voluntarily destroyed by the clauses of the lease, as above pointed out, these contracting parties could not create by agreement between themselves such a right valid against the United States, as Judge Chesnut aptly shows in United States v. 8286 Sq. Ft. of Space in Paca-Pratt Bldg., D.C., 61 F.Supp. 737, 742.[10]

---

*be the sole property of the Lessor, and the Lessee shall have no interest in or claim to such compensation or any part thereof whatsoever;* provided, however, and it is hereby agreed that such compensation as shall represent the value of any growing crops and cane stools shall be payable to and be the sole property of the Lessee, less Lessor's percentage rental interest therein; and such compensation as shall represent the value of any improvements or buildings made or constructed after January 1, 1937, shall be divided between the Lessor and the Lessee as their interests shall appear, dependent upon the then unexpired term of the lease; and it is further agreed that if such taking shall so affect the remaining premises held by the Lessee under this lease, or so affect the operation of the Lessee's remaining lands and tenancies or the business being conducted thereon as to cause substantial damage to the Lessee, then and in that event the Lessee shall have the right to present and pursue its claim for damages and be compensated therefor so long as such action or the payment of such damages shall not affect nor diminish the compensation payable to the Lessor upon condemnation as provided for in this lease."

**7.** It is assumed that the property law of

Hawaii on this point is in accord with the rule generally applied. Cf. In re Water Front on Upper New York Bay, 246 N.Y. 1, 33, 157 N.E. 911; In re Mayor, etc., of City of New York, 168 N.Y. 254, 257, 61 N.E. 249; Goodyear Shoe Machinery Co. v. Boston Terminal Co., 176 Mass. 115, 117, 57 N.E. 214; Scholl's Appeal, 292 Pa. 262, 269, 141 A. 44; Burbridge v. New Albany & Salem Railroad Company, 9 Ind. 546, 548. Characteristic federal cases are: United States v. 21,815 Square Feet of Land, 2 Cir., 155 F.2d 898; Strazzulla Bros. Co. v. Fargo Real Estate Trust, 1 Cir., 152 F.2d 61.

**8.** This refers to the proviso in Note 6.

**9.** United States ex rel. Tennessee Valley Authority v. Powelson, 319 U.S. 266, 285, 63 S.Ct. 1047, 87 L.Ed. 1390; Mitchell v. United States, 267 U.S. 341, 346, 45 S.Ct. 293, 69 L.Ed. 644; Joslin Manufacturing Company v. City of Providence, 262 U.S. 668, 675, 43 S.Ct. 684, 67 L.Ed. 1167; Bothwell v. United States, 254 U.S. 231, 233, 41 S.Ct. 74, 65 L.Ed. 238. And see City of Oakland v. Pacific Coast Lumber and Mill Company, 171 Cal. 392, 398, 153 P. 705.

**10.** "True it is that *if* the tenant has a legal right to recover against the con-

The confusion of thought involved in the concept, "severance damages," should not lead us to make any award where there is no property interest in the land condemned even if Plantation, with superficial cleverness, has attempted to distort the true meaning by the weasel wording of this proviso, agreed-upon between lessor and lessee, with the definite purpose of forcing the United States to pay each for the full value of the fee. Honolulu Plantation Company has heretofore attempted to collect money from the United States by the use of the same theory in another of its protean forms. This Court refused to be misled then as now. United States v. Honolulu Plantation Co., 9 Cir., 1903, 122 F. 581, 582, 583. The prosecution of the claim must be referred to political bodies [11] and not to courts, which should follow the law.

Although disposition has thus been made of the erroneous claims and theories of the experts, it behooves us to consider whether Plantation is entitled to compensation, without regard to the clauses of the respective leases. The representatives of the United States did not assist the learned Trial Judge by production of any relevant evidence, factual or opinion, as to this particular claim. Their attitude was simply one of negation.

 It is advisable to establish our meridian before we proceed to survey the particular problems involved here. Plantation contends that the findings of value are

conclusive. Findings of fact are conclusive on appellate courts,[12] including values placed on real property in condemnation. Nowhere did the experts set a value on the realty owned in fee by Plantation. There was no finding that the remainder of Plantation's property suffered a loss in market value by virtue of the taking of the leaseholds. Nor could there be any. Opinion evidence is not evidence of fact.[13] The trier of fact is not bound to follow the expert.[14] Based upon unwarranted theorems of the experts, the Judge found "severance damage" to the properties as a whole. Where unwarranted theories of law or assumptions of fact guide the expert and are used as a basis for value by the Court, the evaluation will be set aside and the cause remanded for new findings.[15]

 The rule requiring compensation for loss in market value of the remainder of the tract is applied strictly only where there is but a single parcel owned by one party in fee simple.[16] An extension of the doctrine permitted the inclusion of another parcel in the same ownership if it lay contiguous to the principal tract. It is likewise perfectly true that the land cannot be valued alone without buildings or other structures which have been added thereto and which are a part of the real property.[17] According to common law, these are as much a part of the soil as are the rocks, sand and other natural features.[18] With some reluctance, the courts have held that

demning authority for loss or damage to his tangible property or business (in which of course the landlord is not interested) then the tenant is not deprived of that right by the condemning clause. But this proviso is not applicable under the facts of this case. * * *"

11. The evidence shows that a claim was presented to Congress, but this exhibit was irrelevant to this controversy, and admission over Plantation's objection was error.

12. United States v. Lambert, 2 Cir., 146 F.2d 469, 471.

13. Iriarte v. United States, 1 Cir., 157 F.2d 105, 111, 167 A.L.R. 494.

14. Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967.

15. The Conqueror, 166 U.S. 110, 17 S.Ct. 510, 41 L.Ed. 937.

16. Campbell v. United States, 266 U.S. 368, 372, 45 S.Ct. 115, 69 L.Ed. 328; Sharp v. United States, 191 U.S. 341, 354–355, 24 S.Ct. 114, 48 L.Ed. 211.

17. Stephenson Brick Co. v. United States, 5 Cir., 110 F.2d 360. The local rule in Hawaii as to valuation of land and improvements separately in certain situations has no effect upon this principle. See Sec. 314 Rev.Laws of Hawaii 1945.

18. Illinois, Iowa and Minnesota Railway Company v. Humiston, 208 Ill. 100, 107, 69 N.E. 880; Lineburg v. Sandven, 74 N. D. 364, 377, 21 N.W.2d 808.

the owner of one parcel in fee may be compensated for loss in market value thereof as a result of the taking of another parcel owned in fee by him, even if the latter is not contiguous, provided that, by actual and permanent use, a unitary purpose is served by both parcels.[19] But strict proof of the loss in market value to the remaining parcel is obligatory.[20] Where part of a tract in fee ownership is condemned, the loss in market value of the remainder cannot be augmented by consideration of the damage caused thereto by the taking or prospective use of lands held by third parties in fee simple as part of the same project.[21] Nor can the fact that an enterprise upon one parcel depends upon other lands in fee ownership of third parties for supply of an essential material be used to connect the two for purposes of compensation.[22] It is the estates in the separate parcels which must be connected.[23] If, therefore, the fee owner of one tract holds a lesser tenure in the tract taken, there can be no additional compensation for this reason.[24] The explanation is that the fee is the integer. The condemnor takes the particular ground. The whole structure of rights imposed upon this ground are destroyed. Compensation is paid by the parcel. Of course, a lease upon one parcel of land cannot be a part of the fee simple estate of another parcel.

A lease is a chattel, a contract right which carries with it the right of possession which goes back to the fee owner upon end of the term. The ownership of a fee of one parcel and a lease upon another do not connect the estates in the two. From earliest times in federal condemnation, additional compensation has been refused where the owner of the fee of one tract had a lease upon another parcel held in fee by a third party,[25] where the leasehold alone was taken.

The mirage conjured up by the experts and attorneys from the Baetjer case, supra, which gave fallacious promise of damages, is evanescent. It disappears and the familiar and long standing landmarks of condemnation law appear undistorted upon closer contemplation. There all the land involved was owned in fee by one individual. If all had been in one contiguous tract, the rule of deducting the

19. Porrata v. United States, 1 Cir., 158 F.2d 788, 790; Baetjer v. United States, 1 Cir., 143 F.2d 391, 395; and see Essex Storage Electric Company, Inc., v. Victory Lumber Co., 93 Vt. 437, 446, 108 A. 426; Darlington v. Pennsylvania R. R. Co., 278 Pa. 307, 312, 123 A. 284.

20. United States v. 7936.6 Acres of Land, D.C., 69 F.Supp. 328, 332; Baetjer case, on remand, Note 19 above. And see State v. Bradshaw Land & Livestock Co., 99 Mont. 95, 107, 43 P.2d 674.

21. Campbell v. United States, 266 U.S. 368, 372, 45 S.Ct. 115, 117, 69 L.Ed. 328: "* * * just compensation * * * to an owner, a part of whose land is taken for public use, does not include the diminution in value of the remainder caused by the acquisition and use of adjoining lands of others for the same undertaking." And see People v. Emerson, 13 Cal.App.2d 673, 674, 57 P.2d 955; Public Service Co. v. City of Loveland, 79 Colo. 216, 236, 245 P. 493.

22. Mitchell v. United States, 267 U.S. 341, 344, 45 S.Ct. 293, 69 L.Ed. 644, for fuller statement of facts, see 58 Ct.Cl. 443.

23. See Campbell v. United States, supra, 371, 45 S.Ct. 116, 69 L.Ed. 328: "If it had not been deemed part and parcel of his estate, he would not have been entitled to anything on account of the diminution in value of his estate." And see McIntyre v. Board of County Com'rs of Doniphan County, 168 Kan. 115, 211 P.2d 59; Glendenning v. Stahley, 173 Ind. 674, 683–684, 91 N.E. 234; Duggan v. State, 214 Iowa 230, 233, 242 N.W. 98; State ex rel. Wirt v. Superior Court for Spokane County, 10 Wash.2d 362, 371, 116 P.2d 752.

24. Tillman v. Lewisburg & Northern Railroad Company, 133 Tenn. 554, 560, 182 S.W. 597, L.R.A.1916D, 259.

25. United States v. Inlots, 26 Fed.Cas. page 490, 493, No. 15.441a affirmed on other grounds, 91 U.S. 367, 23 L.Ed. 449. The state cases are confused. City of Oakland v. Pacific Coast Lumber and Mill Company, 171 Cal. 392, 399–400, 153 P. 705. But the sole dissenting note is an early case in Illinois, where the problem was not discussed. Chicago and Evanston Railroad Co. v. Dresel, 110 Ill. 89.

market value of the residuary tract, after taking, from that of the entire tract, before taking, would have been applied. The trial judge there excluded evidence which tended to show integration of the scattered tracts in a unified whole by business use. The Appellate Court applied hornbook law and reversed. In sending the case back, it was clearly stated compensation could not be paid for losses of a business. The trial court then retried the case and found no loss beyond the value of the part taken was sustained by the part which remained. These principles applied are not only correct; these are classic. The decisions do not lay down a principle that abstraction of leasehold interest in other land constitutes a damage to a fee vested in another party. Again, no case has been cited which holds as Plantation contends. Since fixation of just compensation by evaluation before and after taking applies only to fee simple tracts, if applied in this case, the United States would pay Plantation the amount it would have paid if Plantation had owned these tracts, covered by the leaseholds, in fee. But the United States has already paid for the fee to the owner, who reserved all compensation to himself. Therefore, the United States owes Plantation nothing on this theory.

The cause must then be remanded. The Trial Judge is acquainted with local conditions, and his finding as to loss of value of any property owned by Plantation will be accurate. We have found there is no such property interest involved in these leaseholds. The record is not sufficient for us to determine whether there are other property rights involved. We cannot tell whether consideration was given to loss in market value to the main fee properties by the cutting off of other fee parcels for which actual value has already been allowed. Nor can it be discovered whether any consideration has been given to a possible compensation for an interlocking network of easements for railroads, roads and irrigation systems. See United States v. Aho, D.C., 68 F.Supp. 358; United States v. Florea, D.C., 68 F.Supp. 367. Of course, it may be that the municipal law of Hawaii does not establish such factors

as interests in property. But these matters have not been presented. The learned Trial Judge is better acquainted with the customs of the community and can apply the doctrines of land law with precision. And it may be that such matters are already foreclosed by judgments which have heretofore become finalities. In any event, the cause will be remanded for further proceedings in accordance herewith.