UNITED STATES of America, Plaintiff,

v.

EASEMENTS UPON 104.09 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF SPOKANE, STATE OF WASHINGTON, N. Fiorito Company, Inc., a Washington Corporation, Interstate East, Inc., John L. Thiebes and Margaret Thiebes, husband and wife, Spokane County, a Municipal Corporation and Peoples National Bank of Washington, Defendants.

No. C–76–138.

United States District Court,
E. D. Washington.

Feb. 4, 1977.

Robert M. Sweeney, Asst. U. S. Atty., Spokane, Wash., for plaintiff.

Justin L. Quackenbush, of Quackenbush, Dean, Bailey & Henderson, Spokane, Wash., for defendants.

NEILL, Chief Judge.

This memorandum opinion relates to the Order in Limine entered herein on January 31, 1977.

The United States, on behalf of the Air Force, exercised its power of eminent domain to acquire a clearance easement on 104.09 acres of defendants' 450 acres of land located east of Fairchild Air Force Base. Defendants' lands include portions of Sections 27 and 34, Township 25 N. Range 41 E.W.M. The clearance easement which is upon a portion of the Northwest quarter of Section 34 prohibits use of the land for other than agricultural and closely related purposes. Defendants claim the land subjected to the easement has been used for mining and that the net effect of the condemnation action is to render that land useless.

The Northwest quarter of Section 34 and defendants' Section 27 property is zoned for mining. Defendants' 255 acres of land in the east half of Section 34 is zoned and used for agricultural purposes. Defendants do not seek consequential damages to any of their section 27 or east half of section 34 property.

When the whole or a part of a particular tract of land is taken for public use, the owner of such land is not entitled to compensation for injury to other separate and independent parcels belonging to him which results from the taking. *United States v. Miller*, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1942). When an owner actually uses parts of what would otherwise constitute a single tract for different or separate purposes, the parts may be held to be independent though they are not physically separated. *See Sharp v. United States*, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211 (1903); *United States v. Honolulu Plantation Co.*, 182 F.2d 172, 179 (9th Cir. 1950); *City of Chicago v. Equitable Life Assur. etc.*, 8 Ill.2d 341, 134 N.E.2d 296 (1956). The question of whether tracts or parcels are distinct or separate is a practical one, to be decided upon factual matters such as the use and appearance of the land, its legal divisions and the intent of the owner. 4A, *Nichols on Eminent Domain*, § 14.31 (rev. 3d ed. 1975). The Ninth Circuit in *Honolulu Plantation Co., supra,* observed that if land is actually in use, unity of use is the chief criterion in determining unity of a defendants' lands.[1] In holding for the lesser than the whole of defendants' lands the Court in *City of Chicago, supra,* aptly observed:

Whatever may have been the intention or purpose in purchasing the two tracts of land can make no difference. The two tracts of land must be considered as they existed when the [condemnation] proceedings were instituted. . . . they were not used for any common purpose as one tract of land.

Thus, it appears that integrated use is the test for unity of tract, rather than contiguity or potential use. *Baetjer v. United States*, 143 F.2d 391 (1st Cir. 1944)

Defendants allege that the Northwest quarter of Section 34 enjoys a use independent and separate from that of Section 27 and the Eastern portion of Section 34. The Northwest quarter of Section 34 is divided from the east half of the section both in current use and in zoning. The Northwest quarter is zoned mining and has been used exclusively for mining purposes. In contrast, the eastern half is zoned agricultural. Defendant Kuder has farmed the east half to the fence line dividing the east and west half of Section 34 and has never used any portion of the east half for mining.

McFarlane Road and a railroad spur separate Section 27 from Section 34. While the Section 27 property is zoned mining, the defendants have not engaged in any mining on this land. As none of the above tracts are used in connection with each other, I fail to find any "unity of use" among the individual tracts.

Plaintiff argues that the issue of whether condemned parcels are integral or functionally separate parcels should be determined by the highest and best use of the part taken and that the highest and best use of

1. *See also, United States v. 10.0 Acres*, 533 F.2d 1092, n. 1, (9th Cir. 1976).

the Northwest quarter of Section 34 is light and heavy industry, a use identical to that of the rest of defendants' lands. Therefore, concludes the government, the 450 acres must be viewed as a whole for purposes of the determination of damages. The government bases this contention on defendant Kuder's opinion that the highest and best use of his 450 acres, including the Northwest quarter of Section 34, is for light and heavy industrial use. Plaintiff also points to the fact that defendant Kuder recently sold 51 acres in Section 27 for industrial use and that the Spokane County Planning Commission Comprehensive Plan for the involved area indicates that the entire 450 acres is appropriate for industrial use.

█ It is a well established rule that in determining the market value of a piece of real property for the purposes of a taking in eminent domain, the Court must look not only at the present use of the property, but also at the highest and best use to which the land is reasonably suited. 4 *Nichols on Eminent Domain* § 12.314. However, plaintiff cites *United States v. 105.40 Acres of Land, etc., Porter Cty. Ind.*, 471 F.2d 207 (7th Cir. 1972) for the proposition that the Court must also consider the highest and best use of the land for the additional purpose of determining whether the parcels are separate and independent, or part of the whole. In *United States v. 105.40 Acres of Land* the Seventh Circuit held that the trial court must consider evidence regarding the highest and best use of a condemned parcel in its determination of the parcel's relationship to the whole prior to the taking. *Also see, United States v. 158.24 Acres of Land, In Bee County, Texas*, 515 F.2d 230 (5th Cir. 1975). The Court believes that both the fifth and Seventh Circuit decisions are based upon an unfortunate mingling of existing legal principles. In a condemnation action the highest and best use of a tract of land has been used to prove appropriate elements of a defendant's compensation.

In contrast, the issue of whether a tract should be considered as a part of the whole has traditionally been determined by the unity of the parcel's use. 27 Am.Jur.2d § 315.

█ It appears that the position of the Ninth Circuit differs from that of the Fifth and Seventh Circuits. In *U.S. v. 105.40 Acres of Land, supra,* evidence as to the future use of a condemned parcel was allowed to establish whether the condemned parcel was to be considered as a part of the entire tract. In contrast, in *Cole Investment Co. v. United States*, 258 F.2d 203 (9th Cir. 1958) the Ninth Circuit held that a showing of a planned unity of use was insufficient to support a severance damage claim. This Court believes that the majority and better rule is that where a tract is being used for separate purposes, even though it could be most advantageously used for a single purpose, the Court must view the tracts as separated in law.[2]

---

**2.** The converse is also true. As stated in *Nichols*, where a single tract could be most advantageously used for different purposes, but the owner has not actually made or contemplated a division, it will not be held separated in law. 4A *Nichols*, § 14.31(1).