### UNITED STATES of America

### v.

### 76.208 ACRES OF LAND, More or Less, IN The TOWNSHIP OF HORSHAM, COUNTY OF MONTGOMERY, COMMONWEALTH OF PENNSYLVANIA, Keith Valley Associates, and Ronald S. Mintz, Co-Partners, et al.

### Civ. A. No. 82–3203.

United States District Court,
E.D. Pennsylvania.

March 30, 1984.

See also, D.C., 580 F.Supp. 1007.

Michael K. Baker, Dept. of Justice, Washington, D.C., for plaintiff.

Robert Lewis Seigle, Southampton, Pa., Marc D. Jonas, Lansdale, Pa., for Horsham Tp.

M. Allan Hyman, Garden City, N.Y., for Keith Valley Associates.

George B. Costigan, Mineola, N.Y., Morris Gerber, Norristown, Pa., for Ronald C. Mintz Co-Partners.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is plaintiff's motion for summary judgment against defendant Horsham Township (Water) Authority. For the reasons stated herein, the motion will be granted.

### I. BACKGROUND

On July 28, 1982, plaintiff United States instituted this condemnation action against certain land situated in Horsham Township. Among the parties named as defendants is

the Horsham Township (Water) Authority ("Authority"). The Authority is a municipal authority with the responsibility of finding, collecting, maintaining and distributing water in Horsham Township.

Prior to the condemnation, in its attempt to fulfill its responsibilities, the Authority drilled a well on land outside of the property condemned in this proceeding. The purpose of the well was to service the present and future water needs of various properties which included the property condemned. The Authority now claims that the condemnation of the subject property restricts the condemned property's development rendering the well virtually useless.[1] The Authority seeks compensation for costs expended in the exploration and development of the well, for the loss of anticipated revenues, and for costs of water main extensions allegedly required due to the condemnation.[2]

## II. DISCUSSION

The Fifth Amendment requires that, if property is taken by the Government, just compensation be paid. Thus, in order to receive compensation, one must show an interest in the property condemned and that the interest has been taken by the Government. In determining entitlement to compensation, this court is cognizant of the fact that if compensation is not limited to owners of interests in the condemned property, the sovereign, in taking for public use, would be subject to limitless claims of inconvenience, business loss and damage to prospects yet unborn. *United States v. Honolulu Plantation Co.*, 182 F.2d 172 (9th Cir.), *cert. denied*, 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602 (1950).

In this case the Authority claims that it has a compensable interest in the property condemned. The court disagrees.

The right the Authority has is the right to service the condemned land. This does not amount to an interest or property right in the condemned land. The condemnation has not deprived the Authority of any interest in the condemned land but rather, has only frustrated the Authority's attempt to service the area. This interference does not require that compensation be paid. *See PVM Redwood Co., Inc. v. United States*, 686 F.2d 1327 (9th Cir.1982), *cert. denied*, 459 U.S. 1106, 103 S.Ct. 731, 74 L.Ed.2d 955 (1983); *United States v. 677.50 Acres of Land in Marion County, Kan.*, 420 F.2d 1136 (10th Cir.), *cert. denied*, 398 U.S. 928, 90 S.Ct. 1817, 26 L.Ed.2d 90 (1970).

It should be further noted that the Authority does not allege that it acquired any interest in the condemned land by either its own condemnation proceedings or by purchase. If this court were to now determine that the Authority has a compensable interest in the land, the owners of the condemned land will have had their interests diminished without having been compensated.

## III. CONCLUSION

Since there is no dispute as to a material fact and since plaintiff is entitled to judgment as a matter of law, plaintiff's motion for summary judgment will be granted.

An appropriate Order will be entered.

---

1. The taking consisted of two parcels of real estate. Fee simple was acquired over 4.912 acres and a perpetual restrictive easement restricting the use to agricultural or light industrial purposes was acquired over 71.296 acres.

2. The Authority does not base its claim for compensation on condemnation of a facility on the condemned property and the evidence indicates that the Authority has no such facility or tangible property on the condemned property.