MEMORANDUM ***
Spanish Springs Pilots Association, Inc., (“SSPA”) appeals the district court’s order affirming an administrative decision rendered by the Interior Board of Land Appeals (“IBLA”). The petition challenging the administrative decision in the district court presented a dispute between the SSPA, a private lessee, and the Bureau of Land Management (“BLM”) over the adequacy of an appraisal used to revise the fair market rental value of property leased for a small public use airport just north of Reno, Nevada. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
We review the district court’s decision to grant summary judgment de novo. See, e.g., Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir.2004). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir.2004).
SSPA has set forth six alleged deficiencies in the appraisal report, arguing that the IBLA and district court erred as a matter of law in finding the appraisal adequate. Under the Administrative Procedure Act (“APA”), decisions of the IBLA are reversed only if “arbitrary, capricious, not supported by substantial evidence, or contrary to law.” Akootchook v. United States, 271 F.3d 1160, 1164 (9th Cir.2001).
SSPA first contends that the appraisal was inadequate because it did not consider the impact of the property’s inclusion in a “Development Constraints Area” (“DCA”) in the Truckee Meadows Regional Plan. The express discussion of highest and best use lacks specific mention of the *367 designation. However, it is clear from the appraisal that the appraiser accounted for this designation, having elsewhere devoted three full paragraphs to discussing the issue before concluding that the subject property would likely not remain in the DCA if it were privately held because “[t]he land is physically suitable for residential construction which is the predominant use in the area.”[1]
Second, SSPA argues that the appraisal was inadequate because the appraiser failed to analyze the property’s current use as a potential highest and best use. Under the Uniform Appraisal Standards for Federal Land Acquisitions (“UAS”), an appraiser must assess each reasonably probable future use “in terms of its physical possibility, legal permissibility, financial feasibility, and its degree of profitability.” UAS § B—3; see also United States v. Benning, 330 F.2d 527, 531 (9th Cir.1964) (highest and best use based on probable future use). SSPA does not claim that airport use is more profitable than residential development. Nor has SSPA presented any evidence that residential development was not the most profitable option. As the appraiser was obligated to consider the most profitable use, the appraiser’s failure to expressly consider airport use and compare it with residential development was harmless. Further, even if airport use were a more profitable option, the BLM’s failure to consider current use would redound to SSPA’s benefit and result in SSPA being undercharged for rent. Accordingly, we cannot say that the decision of the IBLA was arbitrary, capricious or contrary to law.
Third, SSPA argues that the appraisal was inadequate because the appraiser failed to comply with Appraisal and Reporting Standard 23 of BLM Manual 9310 in documenting a highest and best use contrary to the existing use or legal restrictions. The standard requires certain analysis when the highest and best use determined by the appraiser differs from current use or would require a change in zoning. However, the IBLA found that the designation by the Truckee Meadows Regional Planning Agency was not a zoning requirement and that the BLM Manual requirements pertaining to zoning did not apply. SSPA has provided evidence that Washoe County requires the regional plan to be amended before allowing a use inconsistent with that plan, but has not presented evidence refuting the IBLA’s conclusion that no change in actual zoning would be required. The IBLA’s decision regarding documentation of a change in zoning was not arbitrary and capricious. With regard to analysis pertaining to a change in the current use, the IBLA found that the appraiser had adequately demonstrated that residential use was the highest and best use for the property. While the appraiser could certainly have better organized his evidence and report in rendering his opinion, the appraisal provides a clear and supportable explanation documenting the reasonable probability of the likely change in use. We do not find the IBLA’s decision on this point arbitrary and capricious.
Fourth, SSPA argues that the appraisal was inadequate because the appraiser unjustifiably relied on a hypotheti *368 cal condition, assuming that the shape of the property was typical for the market when, in fact, the shape was irregular. SSPA submits that the valuation must be set aside and remanded for new findings because this assumption was used as a basis of value by the BLM and IBLA, but was unwarranted. See United States v. Honolulu Plantation Co., 182 F.2d 172, 178 (9th Cir.1950). The IBLA found that the appraiser had made a proper assumption given that the unique shape of the parcel was for the convenience of the lessee. There were at least 191 acres available to be leased. The SSPA carved out an atypical shape; apparently to minimize rent. The balance of the acreage was still available for creation of a more typical parcel shape. Use of this assumption, disclosed in the appraisal, was not arbitrary, capricious or contrary to law.
Fifth, SSPA contends that the appraisal was inadequate because the twenty-five percent discount given by the appraiser to account for the rights retained by the public and the United States was arbitrary. However, the SSPA fails to give any reason why the discount should have been lower or higher. It is apparent from the report that the appraiser arrived at this discount by weighing the rights conferred to the lessee against the rights retained by the lessor. This was an inherently qualitative estimate, which perhaps explains SSPA’s failure to suggest a quantitative alternative. Accordingly, we find that the decision of the IBLA was not arbitrary, capricious or contrary to law.
Sixth, SSPA contends it was error for the BLM to utilize a restricted use appraisal for the purpose of adjusting the rental charge under the lease. SSPA failed to raise this argument before the IBLA. The panel is accordingly barred from hearing this ground as it is unex-hausted. Red Top Mercury Mines, Inc. v. United States, 887 F.2d 198, 206 (9th Cir.1989).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Circuit Rule 36-3.

. To the extent SSPA argues that this conclusion was contrary to the historical evidence, we disagree. While it is true that the local agencies have historically worked to preserve the BLM area as open space, the record also shows that the property was situated in an area experiencing rapid high-density residential development, to include the land immediately adjacent to the airport. Accordingly, it cannot be said that the IBLA’s conclusion was arbitrary, capricious or contrary to law.