**UNITED STATES of America, Appellant,**

v.

**Lonnie MILLS and Bernice Mills, Appellees.**

**No. 15530.**

United States Court of Appeals Eighth Circuit.

Oct. 24, 1956.

4. Now 8 U.S.C.A. §§ 1252–1254.

Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Charles W. Atkinson, U. S. Atty., Fort Smith, Ark., and John C. Harrington, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Robert J. White, Russellville, Ark. (Blair & Blair, Paris, Ark., were with him on the brief), for appellees.

Before SANBORN, JOHNSEN and WHITTAKER, Circuit Judges.

WHITTAKER, Circuit Judge.

The Government contends on its appeal in this condemnation case that the District Court committed prejudicial error in rejecting its proffered evidence bearing upon the proper measure of just compensation, and in submitting an improper measure to the jury.

The questions arose out of these facts and in this way. Appellees owned a 118-acre farm in a bend of, and having a frontage of about 4,300 feet along the south bank of, the Arkansas River, in Logan County, Arkansas, which was subject to overflow in flood times. In 1943, a Levee District acquired, in fee simple, a 200-foot strip, embracing about 18 acres, running from east to west through the approximate center of the farm, upon which it built a levee, thus dividing the farm into two parts of about 50 acres each—one behind the levee, upon which the improvements were located, and one between the levee and the river—known in this proceeding as Tract A-100E. There were fences on either side of the

levee, but there were gates in them, and appellees continued to grow crops and graze cattle on both sides of the levee.

On October 1, 1954, the United States filed this action to condemn a perpetual easement over the entire tract known as A–100E, lying between the levee and the river, for the purpose of constructing thereon, which it did, appropriate river stabilization works, consisting, chiefly, of a ditch about 30 feet deep and 120 feet wide running east and west through the approximate center of Tract A–100E, leaving about 22 acres between the levee and the ditch, and the remainder in the ditch and between it and the river. The land between the ditch and the river was rendered inaccessible by the depth and width of the ditch, and the 22 acres between the levee and the ditch were rendered unproductive by many feet of sterile sand and debris being taken from the ditch and dumped upon the land.

Upon the trial of the issue of just compensation, appellees offered opinion evidence, limited to Tract A–100E alone, to the effect that its value, after imposition of the easement, was less than before, in amounts ranging from $6,520.00 to $9,840.00. When the Government put on its first valuation expert, its counsel asked him: "Q. * * * what would you say was the fair market value of the entire Lonnie Mills tract, not the 100E, but the entire tract?" Appellees' counsel objected, and, outside the presence of the jury, there was a discussion between the Court and counsel, during which the Court asked counsel for the Government: "Now, what is the purpose of the offer?" He replied:

"I intend to offer the before and after value of the entire tract, which, in effect, will give this witness' opinion of the fair market value of the 49.2 acres (tract A–100E) before and after the imposition of the easement."

The Court sustained the objection. Thereupon, counsel for the Government offered to prove that the witness, if permitted, would testify that the value of appellees' farm, treated as one unit, was $9,500 before imposition of the easement and $8,500 afterwards, and that a second expert would testify, on the same basis, to the same effect, except his valuations would be $10,000 before imposition of the easement, and $9,000 afterwards. The Court sustained objection to these offers of proof.

Under stress of that ruling, and over objection, the Government put on the testimony of three experts who, limiting their testimony to the before and after values of Tract A–100E alone, testified to differences or damages in the respective amounts of $1,450, $1,500 and $1,750— thus their estimates of damage by the taking were from $450 to $750 more, when considering Tract A–100E alone and as a separate tract, than they would have been if they had been permitted to give their valuations of the two tracts treated as one unit.

At the conclusion of the evidence, counsel for the government requested the Court to charge the jury that, in assessing damages for the taking, they should determine the before and after market value of both the improved tract, behind the levee, and Tract A–100E, as one unit, and return their verdict in the amount of the difference. The Court refused to so charge the jury, but, to the contrary, charged them to make their determination upon the basis of Tract A–100E, alone, as a separate tract. The Court then permitted the jury to be taken upon, and to inspect, the premises, and, after having done so, the jury reassembled, and, after deliberation, returned their verdict, fixing just compensation in the amount of $3,023.25. After motion for new trial was filed, considered and overruled, judgment was entered upon the verdict and the Government has appealed from that judgment.

The Government asks reversal upon the ground that its proffered evidence, estimating the before and after market value of the lands, lying on both sides of the levee, as one tract, was competent and should have been received for consideration by the jury, and that the action of the Court in rejecting it, and

in charging the jury to consider the before and after values of Tract A–100E alone, as a separate tract, was prejudicial error, under the applicable statute [1] and decisions.

■ The law seems to be well settled that, in determining just compensation in eminent domain proceedings, for the taking of a part only of a "tract" of land, considerations must be limited to that "tract" alone, and may not regard effect upon any other tract which has been used and treated as, and is, in fact, a separate and distinct tract, even though it may be adjacent or even contiguous and in the same ownership. United States v. Miller, 317 U.S. 369, 375–376, 63 S.Ct. 276, 87 L.Ed. 336; Sharpe v. United States, 3 Cir., 112 F. 893, 896, affirmed 191 U.S. 341, 354, 24 S.Ct. 114, 48 L.Ed. 211; Baetjer v. United States, 1 Cir., 143 F.2d 391, 394–395, certiorari denied 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618; United States v. Honolulu Plantation Co., 9 Cir., 182 F.2d 172, 178–179, certiorari denied 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602; International Paper Co. v. United States, 5 Cir., 227 F.2d 201, 205–206.

The Supreme Court said in the Miller case, 317 U.S. at pages 375–376, 63 S.Ct. at page 281:

"Courts have had to adopt working rules in order to do substantial justice in eminent domain proceedings. One of these is that a parcel of land which has been used and treated as an entity shall be so considered in assessing compensation for the taking of a part or all of it.

"This has begotten subsidiary rules. If only a portion of a single tract is taken the owner's compensation for that taking includes any element of value arising out of the relation of the part taken to the entire tract. Such damage is often, though somewhat loosely, spoken of as severance damage. On the other hand, if the taking has in fact benefited the remainder the benefit may be set off against the value of the land taken.

"As respects other property of the owner consisting of separate tracts adjoining that affected by the taking, the Constitution has never been construed as requiring payment of consequential damages; and unless the legislature so provides, as it may, benefits are not assessed against such neighboring tracts for increase in their value."

The basic questions then are, whether these parcels, divided by the levee, constituted two tracts, or only one, within the meaning of the statute and decisions referred to, and whether the District Court properly could determine that question, as he evidently did, as one of law.

There was evidence, relied upon by the Government, showing that these lands were acquired by appellees in one purchase, as one tract, and were held in one ownership, and, even after separation into two parcels by the levee, were used and treated as a single farming unit. On the basis of this evidence and the physical facts, the Government contends that the Court could not properly say, as a matter of law, that Tract A–100E was a separate tract, but the question was one of fact for the jury, and that the issue should have been submitted to the jury, and its proffered evidence should

---

1. Section 595, Title 33, U.S.C.A., provides: "In all cases where private property shall be taken by the United States for the public use in connection with any improvement of rivers, harbors, canals, or waterways of the United States, and in all condemnation proceedings by the United States to acquire lands or easements for such improvements, where a part only of any such parcel, lot, or tract of land shall be taken, the jury or other tribunal awarding the just compensation or assessing the damages to the owner, whether for the value of the part taken or for any injury to the part not taken, shall take into consideration by way of reducing the amount of compensation or damages any special and direct benefits to the remainder arising from the improvement, and shall render their award or verdict accordingly."

have been received for consideration by the jury in assessing just compensation, if they found the two parcels to constitute an integrated farm unit or one tract.

In dealing with a like point, the Supreme Court, in Sharpe v. United States, 191 U.S. 341, 354, 24 S.Ct. 114, 117, said: "If the evidence were such as to leave it a matter of some doubt whether the land owned by the plaintiff in error were one tract or separated into three separate and distinct tracts, it would be proper to leave that question to the jury * * *."

 Upon the evidence here, we believe that reasonable minds could differ as to whether these parcels constituted one tract or two tracts, and that the Court could not properly say, as a matter of law, that Tract A–100E was a separate tract, but should have received the proffered evidence and should have submitted the issue to the jury, and that the failure to do so was error, as contended by the Government.

But we do not believe either that the precise question here raised was fairly or properly presented to the District Court, or that the Government has shown that the error prejudiced it.

It is to be noted that counsel for the Government, when asked by the Court to "state the purpose of the offer" of proof, replied that the purpose was to "give this witness' opinion of the fair market value of the 49.2 acres (tract A–100E) before and after the imposition of the easement." Thus, the Government did not offer the evidence for the purpose it now contends it should have been received, and the trial court admitted all evidence offered bearing upon the stated purpose of showing "the fair market value of the 49.2 acres (tract A–100E) before and after the imposition of the easement."

We do not believe that the Government has shown that the rejection of the proffered evidence prejudiced it— certainly not in any substantial way— because the estimates of before and after

values proffered by the Government's witnesses, on the two bases, differed only in the small amount of from $450 to $750, and such estimates "involve the use of assumptions, which make it unlikely that the appraisal[s] will reflect true value with nicety", and are, "at best, a guess by informed persons" (pages 374 and 375 of 317 U.S., page 280 of 63 S.Ct., the Miller case), and, moreover, the jury went upon and physically inspected the premises and saw for themselves what the situation was.

Though the Government was correct in the legal position which it took, it has shown no prejudice, in the circumstances of this case, by the District Court's action, and the judgment appealed from must be, and is hereby, affirmed.

Affirmed.