UNITED STATES of America,
Plaintiff,

v.

658.59 ACRES OF LAND, MORE OR
LESS Situate IN CLEARFIELD COUN-
TY, COMMONWEALTH OF PENN-
SYLVANIA, and George O. Riddle, et
al., Defendants.

Civ. A. No. 63-153.

United States District Court
W. D. Pennsylvania.

Dec. 30, 1963.

Gustave Diamond, U. S. Atty., Pitts-
burgh, Pa., for plaintiff.

Thorp, Reed & Armstrong, Pittsburgh, Pa., Nevling & Davis, Clearfield, Pa., R. A. Fowler, Altoona, Pa., for defendants.

ROSENBERG, District Judge.

The United States Government filed a Declaration of Taking and a Complaint in Condemnation covering numerous tracts of land of various owners in Clearfield County, Pennsylvania.

The Shannon Land and Mining Company, one of the condemnees, filed its answer and averred it owned coal and mineral rights in Tracts Nos. 131, 132 and 133, which tracts are among those taken. Shannon objected to the taking and condemnation of these properties because the act of condemnation effectively appropriated all coal and mining rights in certain other unnamed or unidentified contiguous tracts of land which were owned by the condemnee.

■ The Government filed a motion to dismiss the condemnee's objection for the reason that such objection related solely to elements of damages, and as such are not cognizable in this manner and at this time.

The condemnee, in turn, argues that in the circumstances of this case, the Government has in fact taken the additional property and is therefore required under Federal Rule of Civil Procedure 71A(c) (1) (2) to give an adequate description of these properties as well.

■■ Assuming that the condemnee is correct in its claim that the coal and mining rights have been in effect appropriated by the Government's act of condemnation, it does not follow that the condemnee is entitled to force the Government to condemn the contiguous properties involved. The right to condemn is an inherent attribute of sovereignty, which does not depend for its existence upon any expressed provision of the Constitution or statutory law. Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809 (1922).

■■ The Fifth Amendment of the United States Constitution forbids the Government from taking property by condemnation without just compensation to property owners or for any purpose other than for a public use. Hanson Lumber Co. v. United States, supra. The power and authority to condemn is not questioned here. The sole issue is as it relates to the character of the taking. The quantity of land required to be taken is a legislative matter which may be delegated to public officials and is not subject to judicial review. United States v. Gettysburg Electric Railway Co., 160 U.S. 668, 685, 16 S.Ct. 427, 40 L.Ed. 576 (1896).

■ The property owner's right to just compensation for property taken is based upon its market value. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1942). As pointed out in the Miller case, supra, 317 U.S. at page 376, 63 S.Ct. at page 281, 87 L.Ed. 336, just compensation under certain circumstances may include severance damages in addition to market value of the property taken. If, as the condemnee here charges, the taking of Tracts Nos. 131, 132 and 133 destroys or diminishes the value of the condemnee's contiguous or adjoining property and it can be shown that all tracts of land involved here are part of an integrated whole, the element of damages will be the difference in value of the condemnee's property as a whole immediately before the taking as unaffected by the taking and that value of the property immediately after the taking as affected by the taking. United States v. Wateree Power Co., 4 Cir., 220 F.2d 226 (1955). The condemnee may not be deprived of these compensable damages. United States v. 900.37 Acres of Land, D.C., 30 F.R.D. 512 (1962).

On the other hand, if the land is not part of an integrated whole, there can exist no recovery for consequential damages which may occur to adjoining separate tracts because of the condemnation involved. United States v. Miller, supra, 317 U.S. at page 376, 63 S.Ct. at page 281, 87 L.Ed. 336. This is not a compensable item of damages, and the condemnee can have no reason to complain.

In any event the condemnee has failed to show here any abuse of discretionary power in the Government in the exercise of its vested right of condemnation of the land in this case. And because the claim of Shannon relates to the factual issue of severance damages, it can be determined at the trial of this case and not here at this time. United States v. Mills, 8 Cir., 237 F.2d 401 (1956).

The Government's motion to dismiss the condemnee's objections to the taking and condemnation of certain properties will be sustained.