## STEPHENSON BRICK CO. v. UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY.

## UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. STEPHENSON BRICK CO.

### No. 9302.

Circuit Court of Appeals, Fifth Circuit.

March 15, 1940.

J. T. Stokely, of Birmingham, Ala., for appellant and cross-appellee Stephenson Brick Co.

William C. Fitts, Jr., General Counsel, Tennessee Valley Authority, of Knoxville, Tenn., and H. James Hitching, Asst. General Counsel, Tennessee Valley Authority, of Chattanooga, Tenn., for appellee and cross-appellant.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

## PER CURIAM.

This is a proceeding by the United States to condemn land of Stephenson Brick Company lying along the south bank of the Tennessee River at Decatur, Alabama, under the Act of May 18, 1933, Sect. 25, 48 Stat. 70, 16 U.S.C.A. § 831x. Commissioners took evidence and fixed a sum to be paid for the property taken. Their finding was appealed to three district judges who fixed a sum of $97,500. This judgment has been appealed by both parties to this court under Section 25 of the Act. Upon considering the record and the argument we find that the land taken is a part of a larger tract which at the time of the taking was used as a unit for a brick manufacturing plant and that the severance of the part taken did destroy the usefulness and value of the plant, so that what remained had the value only of disorganized land and buildings, and the machinery comprised in the plant had only the value of such second-hand property. The owner is entitled to be compensated not only for the separate value of the land taken, but also for the loss in value of the remainder of the tract in the use that was made of it at the time of the taking. There being no established market price, the fair value at the date of the taking of the whole plant, excluding personal property, ought to be ascertained, looking upon it as a plant organized for a business shown to be generally successful and having a good prospect; and also the fair value for sale of what was left afterward. The difference in the values is the just compensation to be paid. That the plant was making money may be considered in fixing its value for sale, but the business is not to be valued as such, nor is any loss of future profits to be compensated. What the plant originally cost, what Stephenson Brick Company paid for it at judicial sale, it not having been a sheriff's sale, and what it would cost to reproduce the plant less a fair depreciation, may all be considered, but neither is to be taken as a fixed standard. The members of this court are not agreed on the value of all the items involved in the plant or in what is left of it, and we do not attempt to fix them separately. We do agree that the total compensation fixed by the three district judges is fair; and we find as our judgment of the value of the property condemned and as the just compensation due to be paid for the taking as of the date thereof, towit October 28, 1936, the sum of $97,500.