13. Butler v. United States, 408 F.2d 1103 (10th Cir. 1969).

UNITED STATES of America, upon the relation and For the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellee,

v.

An EASEMENT AND RIGHT OF WAY 100 FEET WIDE, One Part 616 Feet Long, More or Less, the Other Part 1,456 Feet Long, More or Less, OVER CERTAIN LANDS IN GIBSON COUNTY, TENNESSEE,

J. A. Hadley, et ux, Defendants-Appellants.

No. 21048.

United States Court of Appeals, Sixth Circuit.

Sept. 9, 1971.

---

14. Johns v. United States, 227 F.2d 374 (10th Cir. 1955).

15. Butler v. United States, *supra*; Johns v. United States, *supra*.

James D. Senter, Jr., Humboldt, Tenn., for appellants.

Thomas A. Pedersen, Sol., Tennessee Valley Authority, Knoxville, Tenn., Robert H. Marquis, Gen. Counsel, Charles W. Van Beke, Tennessee Valley Authority, Knoxville, Tenn., on the brief, for appellee.

Before MILLER and KENT, Circuit Judges, and McALLISTER, Senior Circuit Judge.

KENT, Circuit Judge.

This is an appeal from the award of damages in a condemnation case. There is no dispute over the basic facts. J. A. Hadley and his wife are the owners of the fee simple title to the farm property involved in this case. It was agreed by the parties that the easement sought by the plaintiff for a high tension transmission line had a value of $1,525, subject to the owner's contention that the property had a substantial additional value because the owner had plans for the construction of a private airfield on the property traversed by the easement which plans have been thwarted by the location of the transmission line.

The owner is president and majority stockholder of a construction company which owns an airplane used for the purpose of transporting personnel to various construction projects. The plane is routinely hangered and serviced at an airport located approximately 25 miles from the appellant's home. As a matter of convenience and without any knowledge of the proposed TVA transmission line, appellant conceived the plan of locating a landing strip on his farm, (the property in question) which he would then lease to the company of which he was president. The record establishes that such a landing strip would be of value to the construction company, and that the most suitable location for such landing strip was on that portion of the appellant's farm over which the proposed TVA transmission line would run. At the time the condemnation action was commenced no lease agreement had been entered into, no rental value had been agreed upon, and no steps had been taken toward the construction of the landing strip. Nevertheless, the District Court found that the landing strip would have been built if the condemnation had not occurred and this finding of fact is not clearly erroneous. Rule 52, Rules of Civil Procedure, 28 U. S.C.A. The District Court also found that the highest and best use for the land involved was for agricultural purposes, except that for the appellant the land had a peculiar value as a private landing strip. The trial court excluded such peculiar value in the determination of the just compensation to which the appellant was entitled because of the condemnation of his property and awarded the stipulated amount. This appeal resulted.

Two issues are presented. First, whether the appellant is entitled to consequential damages because of the loss of the value of a portion of the land as a landing strip despite the fact that such

a use would be special and peculiar to this appellant, and, second, whether frustration of a *plan* for utilization of land is a compensable loss within the meaning of the Fifth Amendment.

■ There can be no question that consequential damages may be awarded when a portion of an owner's property is condemned. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943); United States ex rel. T.V.A. v. Easement and Right of Way, 405 F.2d 305 (6th Cir., 1968); Hicks v. United States for Use of T.V.A., 266 F.2d 515 (6th Cir., 1959).

■ It is also well accepted that the fair market value for the highest and best use of the property is the generally accepted standard for determining "just compensation" when property is, taken by condemnation. United States v. 1,291.83 Acres of Land, 411 F.2d 1081 (6th Cir., 1969); Olson v. United States (1934), 292 U.S. 246 at page 255, 54 S. Ct. 704 at page 708, 78 L.Ed. 1236:

> "Just compensation includes all elements of value that inhere in the property, but it does not exceed market value fairly determined. The sum required to be paid the owner does not depend upon the uses to which he has devoted his land but is to be arrived at upon just consideration of all the uses for which it is suitable. The highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future is to be considered, not necessarily as the measure of value, but to the full extent that the prospect of demand for such use affects the market value while the property is privately held."

Thus, the law recognizes that while consideration must be given to the adaptability of the property in the future just compensation is not the value to the owner for his peculiar purpose, United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729 (1946); and it is generally accepted that there must be demonstrated an actual profitable use

or a market demand for the prospective use. United States v. 1,291.83 Acres of Land, 411 F.2d 1081 (6th Cir., 1969); Monongahela Navigation Co. v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L. Ed. 463 (1893); Westchester County Park Commission v. United States, 143 F.2d 688 (2nd Cir., 1944); Omnia Commercial Co., Inc. v. United States, 261 U.S. 502, 43 S.Ct. 437, 67 L.Ed. 773 (1923). An example of this principle is Stephenson Brick Co. v. ¹⁻nited States, ex rel. and to Use of T.V.A., 110 F.2d 360 (5th Cir., 1940), in which a portion of the landowner's property was condemned. The entire tract had been used as a brick manufacturing company. The severance of the part taken destroyed the usefulness and value of the manufacturing plant. On appeal it was concluded that because of the fragmentation of the property consequential damages should be awarded to the owner and that, given no market value, the compensation should be the difference between the fair value of the entire plant before and after the taking. And see also United States v. Pennsylvania-Dixie Cement Corp., 178 F.2d 195 (6th Cir., 1949).

■ As to the second issue in regard to the frustration of the owner's plans we believe United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943) to be controlling. In that case Powelson had planned to use the property condemned, together with other property owned by him and property to be obtained from others through the power of eminent domain, for the construction of a four dam hydroelectric power project. Powelson's contention that compensation should be based upon the value of the project after completion was rejected. The Supreme Court stated at pages 281, 282 of 319 U.S., 63 S.Ct. at page 1056:

> "In absence of a statutory mandate (United States v. Miller, supra [317 U.S. page 376, 63 S.Ct. page 281]) the sovereign must pay only for what it takes, not for opportunities which the owner may lose. See Orgel, Valuation

Under Eminent Domain (1936) § 71, § 73. On the one hand are such cases as Monongahela Navigation Co. v. United States, supra, where it was held that the United States had appropriated a going enterprise to its own ends and must make compensation accordingly. But it is well settled in this Court that, 'Frustration and appropriation are essentially different things.' Omnia Commercial Co. v. United States, *supra* [261 U.S. page 513, 43 S.Ct. page 439, 67 L.Ed. 773]."

For the reasons herein stated this Court concludes that the findings of fact are not clearly erroneous. Rule 52, Rules of Civil Procedure, 28 U.S.C.A.; and the Court further concludes that the appellant is not entitled to recover for the personal and peculiar value to him of the use of a portion of the property involved as a landing strip, nor is he entitled to recover for frustration of his plans to construct a landing strip.

Judgment affirmed.